## CENTRAL MINING AND MANUFACTURING COMPANY *vs.* STOVEN.

### [ATTACHMENT AGAINST DOMESTIC CORPORATION.]

1. *Attachment suits; judgment by default in, when error.*—In suits commenced by attachment, it is error to render judgment by default at the return term.
2. *Affidavit; what not required to state.*—The affidavit need not state that the corporation against which the attachment is sought is a domestic one.
3. *Levy of an attachment; what subject to.*—The statutory right of redemption is not subject to the levy of an attachment, but its inclusion in the officer's return does not vitiate the levy on proper subjects; an "equity of redemption" is a proper subject on which to levy an attachment.

APPEAL from Circuit Court of Shelby.
The record does not name the presiding judge.

The appellee instituted suit by attachment, on the 3d of

June, 1869, against the appellant, a domestic corporation, before a magistrate, returnable to the circuit court, for wages due appellee as superintendent of appellant's business. No security was given upon the attachment bond; the writ issued, and was returned by the officer, "levied upon the equity and right of redemption" of appellant in certain lands. At the return term of the attachment, September 23d, 1869, judgment by default, with writ of inquiry, was rendered against appellant, and an order of sale of the equity and right of redemption made. From this judgment appellant appeals, and assigns as error—

1st, Judgment by default.

2d, Want of personal service or proper levy.

3d, Want of bond with security, as required by law.

CHILTON & THORINGTON, for appellant.—1. The levy of an attachment is in the nature of a proceeding *in rem*, and the statute requires it to be levied on *property of the defendant*, so that a prudent man who looks after his property, would thus be notified of the pendency of the suit by reason of which such property was seized or impounded to answer the plaintiff's demand. So, if real estate be levied on, the defendant must have in such estate a *fee simple title*, or some less *legal estate.*—Code, § 2943. The mere *equity of redemption*, levied upon in this case, is in no sense a *legal* estate, and a levy upon such equity gives no notice, and is not service.

2. The court will judicially know when the terms of the circuit courts begin, (*Allman and Wife v. Owen*, 31 Ala. 167,) and this court will perceive from the record that this writ of attachment was returnable to the September term, 1869, of the Shelby circuit court. The judgment, then, was rendered at the first term, which was erroneous.—*Standifer v. Toney, Grantland & Co.*, 43 Ala. 70, and cases there cited.

COBB & LEWIS, *contra.*—1. An equity of redemption in land may be the subject of levy by attachment. Except as against the mortgagee, the mortgagor is regarded as the real owner of the land. The equity of redemption prior to foreclosure is the real and beneficial estate tantamount

to the fee at law. This, the original doctrine of equity, has gradually crept into the common law from necessity, and is now universally held by the common law courts.— See Kent's Com. 9th ed. vol. 4, marg. p. 160 ; also, Adams' Equity.

2. The Revised Code makes no change in the old attachment law as to property subject to levy thereby ; and this court has uniformly held the general principle, that property which can not be sold under execution can not be sold under attachment, and whatever may be sold under execution may be sold under attachment.—See *Goode & Ulrich v. Longmire*, 35 Ala. 676 ; Drake on Att. § 244.

Under the laws of Alabama, the equity of redemption is the subject of levy and sale under execution, (Rev. Code, § 2871, subdiv. 3,) and must, therefore, be liable to attachment. This is the settled rule on the subject. Else, how easy it would be for a man, by removing his personal property, putting himself out of the way of officers to avoid personal service, and mortgaging his lands, to avoid the enforcement of any remedy for debt against him.— Further, see 4 Kent's Com. pp. 179, 475 ; *Davenport v. Lacon*, 17 Conn. 278.

There is a difference between the levy upon any interest in land, and a levy upon an interest reversionary and in remainder in personal property. The former can be made, because no manual seizure is required in any levy upon land, whereas the latter would be illegal, as the custody and possession could not be acquired without a trespass upon the person holding the possessory interest in the personal property.—*Goode & Ulrich v. Longmire, supra.*

The appellee also submitted an argument asking a review of the decision in *Standifer v. Toney, Grantland & Co.*, 43 Ala. 70.

B. F. SAFFOLD, J.—This suit was commenced by attachment in June, 1869, and judgment by default was given against the defendant at the first term of the court thereafter. In this there was error, because, as the complaint was not required to be filed until within the first

three days of the term, the defendant could not know what he had to defend in time to prepare for trial. The service of a summons is effected by leaving a copy of the summons and complaint with the defendant, and, in cases so commenced, the service is required to be made twenty days before court, to authorize a trial at the first term.—*Standifer v. Toney, Grantland & Co.*, 43 Ala. We discover no error in any other respect.

Attachments may be issued against foreign as well as domestic corporations, and only in the former case is there a necessity to allege whence the corporate capacity was derived, in order that due publication may be made—Rev. Code, § 2938. In this case, no other service was required than the levy of the attachment on property subject to it. The equity of redemption was such property. The inclusion of the statutory right of redemption in the return of the sheriff can not vitiate the levy on proper subjects. The affidavit and bond seem to be regular and sufficient.

The judgment is reversed and the cause remanded.