## Bailey, Davis & Co. *v.* Timberlake.

*Bill in Equity for Reformation of Mortgage, Redemption, Account, and Foreclosure.*

1.　*Reformation of mortgage as against subsequent judgment creditors.* The statutes of registration, for the protection of judgment creditors against unrecorded conveyances (Code, §§ 2166–7), relate only to conveyances of the legal estate in lands, and have no application to mere equitable estates or interests, which are not subject to the lien of executions or judgments, and are not within the policy of the statutes; and there is nothing in the statutes which, as in favor of judgment creditors, forbids the reformation of a recorded mortgage by a court of equity, so as to make it include lands which were omitted by mistake.

2.　*Protection to bona fide purchaser without notice.*—A *bona fide* purchaser for valuable consideration is entitled to protection against all latent equities of which he had no notice, whether he purchased under contract with the holder of the legal title, or at a sale under execution against him; but, whether a judgment creditor, purchasing at a sale under his own execution, and paying the price bid by entering satisfaction of his judgment, is entitled to protection as a *bona fide* purchaser for valuable consideration, is a question as to which there is some conflict of authority, and which does not arise in this case, the sale under execution being a nullity.

3.　*Foreclosure of mortgage, by sale under power; statutory right of redemption.*—A sale of lands under a power contained in a mortgage, or deed of trust for the benefit of a creditor, cuts off the mortgagor's equity of redemption as effectually as a decree of strict foreclosure, and leaves nothing in him but the statutory right or privilege of redemption (Code, §§ 2877–80), which is not subject to levy and sale under execution at law.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 25th September, 1883,

by J. P. and J. S. Timberlake, as the administrators of the estate of Henry Bunn, deceased, against John P. Bynum and wife, and against the persons composing the partnership of Bailey, Davis & Co., a mercantile firm doing business in Nashville, Tennessee; and sought, 1st, the reformation of a mortgage, executed to the complainants by said Bynum and wife, by correcting an erroneous description of the lands conveyed; 2d, a redemption of the property from said Bailey, Davis & Co., who were judgment creditors of said Bynum, had bought the property at a sale under execution on their own judgment, and had afterwards redeemed from one Marcellus Townsend, the purchaser at a sale made by W. H. Robinson, as trustee, under a deed of trust executed to him by said Bynum and wife; and, 3d, an account and foreclosure of the complainants' mortgage. The complainants' mortgage was dated March 15th, 1880, and was duly recorded; and it purported to convey, with other lands, three lots in the town of Scottsboro, described as lots 138, 139, 140; but the bill alleged that these numbers were inserted by mistake, and that the lots intended to be conveyed were Nos. 133, 134, and 135. The deed to Robinson, as trustee, to secure a debt due to one Daniel Townsend, was dated July 24th, 1875, and conveyed the same property, by the same erroneous description. The debt to Townsend not being paid at maturity, Robinson sold the property, on the 20th April, 1881, under the provisions of the deed; and Marcellus Townsend became the purchaser at the sale. Bailey, Davis & Co. recovered a judgment against Bynum, on the 2d June, 1881; an execution on their judgment was levied on the lots numbered 133, 134, and 135, and on the other lands conveyed by said mortgage and deed of trust; and at the sale under this levy, in September, 1881, they became the purchasers, for an amount much less than their judgment, and received the sheriff's deed. On the 4th January, 1882, Bailey, Davis & Co. redeemed from Townsend, the purchaser at the sale made by Robinson, and, as the bill alleged, they refused to allow the complainants to redeem from them, under an offer and tender made in conformity to the requisitions of the statute. On these facts, as alleged in the bill, the complainants prayed a reformation of their mortgage, a redemption as junior mortgagees from Bailey, Davis & Co., an account and foreclosure of their mortgage, and general relief. A demurrer to the bill was filed by Bailey, Davis & Co., assigning specially seven causes or grounds of demurrer, which demurrer the chancellor overruled; and they here assign his decree as error.

ROBINSON & BROWN, for appellants.—The registration statutes are intended for the protection of subsequent judgment cred-

itors, and of innocent purchasers, and should receive a liberal construction in their favor. Conveyances are required to be recorded "word for word;" the registration is made constructive notice, and equivalent to actual notice of their contents; and the parties are protected against negligence or mistake on the part of the recording officer. Beyond this the statutes do not go, and third · persons have a right to claim their protection, when not chargeable with actual notice or negligence. These appellants are not charged by the bill with actual notice, and the record does not charge them with constructive notice. They have acquired the legal title by the sheriff's deed, and they have an equity at least equal to the complainants. As judgment creditors, they are entitled to protection against the complainants' asserted equity. The subsequent acknowledgment of a defective conveyance will not be allowed to relate back, to the prejudice of creditors (*Hendon v. White*, 52 Ala.); nor should a correction of any other mistake or omission be allowed any greater effect.—*Pollard v. Cocke*, 19 Ala. 188; *Daniel v. Sorrells*, 9 Ala. 446. The appellants are not · only judgment creditors, but purchasers at execution sale, and in that character they are entitled to claim protection against an unrecorded mortgage, or any latent equity of which they had no notice.— *Fash v. Ravisies*, 32 Ala. 451; *Dudley v. Abner*, 52 Ala. 581; *Barker v. Bell*, 37 Ala. 354; *Turner v. Kelly*, 70 Ala. 85.

NORWOOD & NORWOOD, *contra.*—On the facts alleged in the bill, the complainants have a clear right to a reformation of their mortgage as against Bynum and wife, and also against Bailey, Davis & Co., unless the latter can claim protection against this equity. As purchasers at the execution sale, the appellants acquired nothing, since the judgment debtor then had no interest subject to sale under execution; and as purchasers at their own sale, for less than the amount due on their judgment, they have parted with nothing, and can not be regarded as purchasers for valuable consideration.—*Dickerson v. Tillinghurst*, 25 Amer. Dec. 528; *Wainwright v. Flanders*, 8 Cent. Law Journal, 39; *Early & Lane v. Owens*, 68 Ala. 180; *Stone v. Hale*, 17 Ala. 557; 40 Geo. 535. The statutes of registration, as in favor of judgment creditors, relate only to conveyances of the legal estate, and can not be applied to equitable rights or interests.

BRICKELL, C. J.—The demurrer of appellants, Bailey, Davis & Co., to the original bill, assigns two separate and distinct causes, though stated in varying form and terms. The first is, that as they are not averred to have had notice of the erroneous description or designation of a part of the lands em-

[Bailey, Davis & Co. v. Timberlake.]

braced in the mortgage to the appellees, as judgment creditors of the mortgagor, they are protected by the statute of registration against a reformation or correction of the description, so as to apply the mortgage to the lands really intended to be conveyed. The second is, that, if not entitled to protection as judgment creditors, they are as purchasers under the execution sale and the conveyance made to them by the sheriff.

1. The statutes of registration relate only to conveyances of the legal estate in lands,—not to equitable interests, often incapable of registration, and to which it is not practicable to apply the policy pervading the statutes. Such equities or interests are not subject to the lien of judgments or executions at law, and there can be no reason for declaring them unavailing as to the judgment creditor, who has not, and can not acquire, a lien upon them for the satisfaction of his judgment—*Falkner v. Leith*, 12 Ala. 165; *Fash v. Ravisies*, 32 Ala. 451; *Donald v. Hewitt*, 33 Ala. 534; 2 Lead. Cas. Eq., Part I, 226. Against outstanding and prior conveyances of the legal estate, not recorded as the statutes require, and of which he is without notice, protection is afforded him, because, by the issue and delivery of execution to the sheriff, a lien is acquired, which it is the policy of the statute to preserve, entitling it to precedence as a reward of diligence, and to discourage dormant conveyances. The lien is, however, subordinate to all the equities, not tainted with fraud, binding on the legal estate, which could have been maintained and enforced against the judgment debtor.—2 Lead. Cas. Eq., Part I, 89. There is no more frequent application of this principle, than to suits in equity for the reformation of defective conveyances of lands, or of other instruments of which registration is necessary. The court intervenes, and enforces the equity against all others than a *bona fide* purchaser for a valuable consideration without notice. In this relation a judgment creditor does not stand; he is not a purchaser; has not a *jus in re*, nor a *jus ad rem*. All he has acquired, or can acquire, is a mere general, inchoate lien upon the lands or estate of his debtor subject to execution; and a court of equity will not suffer the lien to be so employed, that property which, in equity and good conscience, belongs to another than the debtor, shall be taken and applied to the satisfaction of the judgment. 1 Story's Equity, § 165; *Ib.* § 1502; *Hale v. Stone*, 17 Ala. 557; *Whitehead v. Brown*, 18 Ala. 652; *Larkins v. Biddle*, 21 Ala. 252; *Early v. Owens*, 68 Ala. 171.

2. While the lien of a judgment, or, under our statutes, the lien of an execution, is limited and confined to the estate of the debtor, not cutting off equities capable of enforcement against him, the rule does not apply to a purchaser for valuable consideration, without notice, at a sale under the execution and

judgment. The, right of a *bona fide* purchaser to protection against latent equities, of which he has no notice, is generally regarded as the same, whether the purchase is by contract with the holder of the legal estate, or at a forced sale, the act of the law.—*Ohio Life Ins. & Tr. Co. v. Ledyard*, 8 Ala. 866 ; *Fash v. Ravisies*, 32 Ala. 451 ; 2 Lead. Cas. Eq., Pt. I, 93 *et seq.* There is some conflict of authority, whether the judgment creditor, if he becomes the purchaser, and pays the purchase-. money by the mere satisfaction of his judgment, in whole or in part, is entitled to stand in the relation of a *bona fide* purchaser.—2 Lead. Cas. Eq., Pt. I, 94 ; Freeman on Executions, § 336 ; *Ohio Life Ins. & Tr. Co. v. Ledyard, supra ; Fash v. Ravisies, supra ; Saffold v. Wade*, 51 Ala. 214. Upon that question it is not now necessary to enter into a discussion, or express an opinion ; for it is apparent that the sale by the sheriff was a nullity,—the judgment debtor, at the time of the levy and sale, not having an estate or interest in the lands which was subject to the execution.

3. The deed of trust to Robinson, for the security of the debt to Townsend, was older than the mortgage to the appellees, and older than the judgment under which the sheriff made the sale. Before the rendition of the judgment, Robinson, the trustee, in execution of the power with which the deed clothed him, made sale of· the lands; Marcellus Townsend, from whom Bailey, Davis & Co. redeemed, becoming the purchaser. The sale as effectually cut off and barred the equity of redemption,— the only estate or interest in the lands residing in the judgment debtor,—as a decree of strict foreclosure would have done. The legal and equitable estates were by the sale united in the purchaser, and all that remained to the judgment debtor was the statutory right or privilege of redemption, which is not property, but a mere matter of jurisdiction, and is not the subject of sale under execution at law.—*Childress v. Monette*, 54 Ala. 317. The right of the judgment debtor was the mere privilege of re-purchasing the lands upon the terms prescribed in the statute ; a right which does not arise until after a sale under the decree of a court of chancery, or under execution at law, or in the execution of a power in a mortgage or deed of trust; and it is forfeited, if there is not an exercise of it in the precise mode prescribed by the statute.—*Spoor v. Phillips*, 27 Ala. 193 ; *Paulling v. Meade*, 23 Ala. 505 ; *Sanford v. Ochtalomi, Ib.* 609. So far from the statutes contemplating that the right or privilege shall be subject to levy and sale under execution, they confer upon judgment creditors a distinct, independent right of redemption, which can not be impaired or forfeited by acts of the debtor, which would operate a destruction or forfeiture of his rights.—*Trimble v. Williamson*, 49 Ala. 525. The ex-

ecution sale passed no interest in the lands, and by it the purchaser acquired no right which any court, either of law or equity, will notice and protect.

As junior mortgagees, having acquired, before the sale by the trustee, the equity of redemption of the mortgagor, the appelles were entitled to redeem from the purchaser at the sale made by the trustee, Robinson. A mortgagee has the statutory right of redemption, whether a sale of the lands subject to the mortgage has been made under execution at law, or under a prior mortgage or deed of trust.—Freeman on Executions, § 317. They have an equal right to redeem from a junior judgment creditor who has redeemed from a purchaser, under the terms prescribed in the statute.

The demurrers were not well taken, and the decree overruling them must be affirmed.