# Narrell *v.* J. R. Phillips Mercantile Co.

*Bill to Enjoin Ejectment and to Redeem From Mortgage.*

(Decided December 14, 1913.  Rehearing denied February 5, 1914. 64 South. 305.)

1. *Mortgages; Foreclosure; Power of Sale; Debts Collectible.*— Where a junior mortgagee bought in the prior mortgages, and after the several debts were due, foreclosed them in one proceeding under the power, and in accordance with the terms of its own mortgage, although the prior mortgages were foreclosable by sale at different places, such foreclosure was not a nullity as the mortgagee was entitled to be paid the amount of the prior mortgages as well as its mortgage, and could foreclose this mortgage for the aggregate of the debts so secured.

2. *Mortgages; Foreclosure Under Power; Operation and Effect.*—A foreclosure by sale under a power of sale in the mortgage cuts off all of the mortgagor's equity of redemption as effectually as a decree of foreclosure, and leaves the mortgagor only the statutory right of redemption with the right to disaffirm and redeem if the mortgagee purchased without authority in the mortgage.

3. *Same; Who May Purchase.*—Where the mortgage was to a corporation and did not authorize such mortgagee to purchase at its own

sale, the fact that the purchaser at the sale was a stockholder in the corporation did not ipso facto avoid such sale in the absence of any showing that he was acting as the agent for or by agreement with the mortgagee.

4. *Same; Redemption; Forfeiture.*—Under section 5747, Code 1907, demand of possession by the grantee of the purchaser on foreclosure sale against the tenant of the mortgagor, and recovery in ejectment upon his refusal to surrender possession, a re-entry by the mortgagor pending execution of a writ of possession, and a suit in ejectment against him operated to forfeit the mortgagor's statutory right of redemption.

APPEAL from Franklin Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by J. J. Narrell against the J. R. Phillips Mercantile Company to enjoin an action of ejectment, and to redeem in his own right as mortgagor. Decree for respondent and complainant appeals. Affirmed.

W. P. CHITWOOD, for appellant. The wife's signature was not sufficiently attested.—Sec. 4161, Code 1907. A justice of the peace has no jurisdiction outside of his own county.—*Am. Mfg. Co. v. King,* 105 Ala. 358; *N. E. Mfg. Co. v. Payne,* 107 Ala. 578. Foreclosure of mortgage under power therein contained must be strictly performed.—*Wood v. Lake,* 62 Ala. 289; *Sanders v. Askew,* 79 Ala. 433. The power authorized the sale at Russellville or Haleyville, and the sale could not, therefore, be made at Bear Creek.—Authorities supra. The purchase by Phillips who was a stockholder of the corporation was a purchase by the corporation itself and authorized disaffirmance and redemption.—Sec. 5746, Code 1907; 4 Mayf. 252.

KIRK, CARMICHAEL & RATHER, and W. H. KEY, for appellee. The allegation as to the signature of the wife was not sufficient to avoid the mortgage as a conveyance of the homestead.—*Motes v. Carter,* 73 Ala. 553; 97 Ala. 519; 70 Ala. 352. Phillips Mercantile Company was a bona fide purchaser for value without notice of

any usury in the mortgage, and were protected.—*Mc-Cullough's Case,* 64 Ala. 250; *Hoots v. Williams,* 116 Ala. 372; *Orr v. Sparkman,* 120 Ala. 9. A sale under power in substantial compliance with the terms cuts off the equity of redemption and leaves only the statutory right with power to disaffirm and redeem if the power is not strictly complied with.—*A. F. L. M. Co. v. Turner,* 95 Ala. 272. The presumption is that in making the sale, the mortgagee fulfilled his trust towards the mortgagor, and the burden is on the mortgagor to allege and prove facts showing the contrary.—*Wyndes v. Russell,* 60 Ala. 627; *Durvin v. Whitestone,* 92 Ala. 482.

SAYRE, J.—Narrell filed the bill in this case to enjoin an action of ejectment that the Phillips Company had brought against him and to redeem in his right as mortgagor. Defendant company claimed title to the land in suit through a foreclosure of sundry mortgages made by complainant, one of which, the youngest of the series, had been made to it directly; the others it had acquired by purchase and assignment from prior mortgagees. The equity of the bill was rested in part upon the averment that the mortgage to the defendant and one of the others had never in fact been executed for; that, at the time complainant and his wife signed the papers, no considerations were stated therein, the spaces in the printed forms appropriate for the purpose having been left blank and subsequently filed in by the mortgagees with amounts largely in excess of the amounts complainant had agreed to secure, and in part upon the averment that the several mortgage indebtednesses justly due from complainant to defendant had been paid in full before foreclosure. Of the issues of fact thus raised, it is enough to say that they were correctly decided against complainant. Indeed, complainant does not on this appeal continue the controversy as to them.

For its own safety and the protection of its debt, defendant had bought in the prior mortgages, and had then, after the several mortgage debts fell due, foreclosed them in one proceeding by a sale at Bear Creek in pursuance of the power and in accordance with the terms of its own mortgage. The prior mortgages were foreclosable by sale at different places. Complainant insists that the foreclosure under these circumstances was a nullity. Not so. Defendant's own mortgage was subordinate to the others, and its only safety was to redeem the prior mortgages. Thereafter defendant was entitled to be repaid the amount of prior mortgages, as well as its own, and had a right to foreclose its mortgage for the aggregate of the debts so secured.—*Grigg v. Banks,* 59 Ala. 311; 2 Jones on Mortgs. § 1080. A sale under the power, conducted as this was, cuts off the mortgagor's equity of redemption as effectually as a decree of foreclosure, leaving in him nothing but the statutory right of redemption and the right to disaffirm and redeem if the mortgagee purchases without authority in the mortgage.—*American Mortgage Co. v. Turner,* 95 Ala. 272, 11 South. 211.

The mortgage in this case (that is, defendant's mortgage) did not authorize defendant to purchase at its own sale. But O. W. Phillips, a stockholder in the defendant corporation, did purchase, and afterwards conveyed to his company on a recited valuable consideration. Appellant mortgagor therefore avers in his brief that this was tantamount to a purchase by defendant mortgagee at its own sale, and authorized him to disaffirm and redeem within two years. No relief can be awarded to complainant on this ground. The facts necessary to relief on this ground are not averred in the bill. Nor, for that matter, was it proved that O. W. Phillips acted as agent for or by arrangement with

mortgagee. It was shown only that he was a stockholder in the defendant company. He did not thereby stand in such a relation of trust or confidence to the mortgagor as to make his purchase a fraud or breach of duty. —27 Cyc. 1482. For aught appearing, he purchased in good faith for himself, and afterwards conveyed his title to defendant, as he had an undeniable right to do. Relief must proceed upon what is alleged and proved by the complainant. His complaint must be treated as effectual according to what he has, not what he could have, averred.—14 Ves. 273.

After defendant had foreclosed and got a deed from O. W. Phillips, it demanded possession of one Frazier, who was in sole possession at the time as tenant of complainant. Upon Frazier's refusal to surrender possession, defendant brought an action of ejectment against him and recovered judgment. Pending execution of a writ of possession, complainant re-entered. Thereafter defendant brought the suit which complainant now seeks to enjoin. The effect of all this was that complainant forfeited his right of redemption under the statute.—Code, § 5747, and cases there cited.

We have stated our consideration of those points which seem to affect the merits of the case. The court's rulings on the demurrer to complainant's bill in its original shape were clearly correct. One or two other minor points are made in the brief for appellant. They do not appear to have been brought to the chancellor's attention by the pleading as they should have been, and are without merit in any event. We conclude that the decree must be affirmed.

Affirmed.

Dowdell, C. J., and McClellan and Somerville, JJ., concur.