## Ensley Mortgage & Realty Co. *v.* Lewis.

### *Bill to Redeem.*

(Decided May 13, 1915.   68 South. 1012.)

1. *Execution; Sale; Purchasers; Possession.*—Under section 5747, Code 1907, a purchaser at execution sale, is entitled to possession and to the rents and profits before redemption if he has complied with the terms of the statute.

2. *Same.*—Under section 5747, Code 1907, first half, the tenant of the debtor or of his vendee does not hold by privity of title, since the purchaser's notice transfers the tenant's possession under the latter half of the statute, and makes him the purchaser's tenant with the ordinary rights growing out of the relationship.

3. *Same; Redemption Statute.*—Under section 5747, Code 1907, where the vendee of the purchaser at the execution sale gave notice to the tenant of the vendee of the debtor in possession, and the tenant attorned, and the vendee of the execution debtor put its own tenant in possession and collected rent, it could not claim the right to redeem on the ground that notice to deliver possession was not served on it or its tenant, since to allow such redemption, would be to destroy the equity which the statute was intended to declare and enforce.

(Anderson, C. J. and McClellan and Thomas, JJ., dissent.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Bill by the Ensley Mortgage & Realty Company against Ivey F. Lewis to effect a redemption of land from sale under an execution. Decree for respondent, and complainant appeals. Affirmed.

The bill alleges: That on December 12, 1912, complainant, for a valuable consideration, purchased from J. J. Braswell the following described property or land

situated in Jefferson county, Ala. (here follows description), and took possession thereof, erected two houses thereon, and rented same to tenant, who went into possession under said contract of rental; petitioner having filed the deed from Braswell and wife on January 8, 1913, in the probate office of Jefferson county, which said deed was duly recorded. That on February 10, 1912, W. H. Barnard obtained a judgment in the city court of Birmingham against the said J. G. Braswell and wife, in the sum of about $300 and the court costs, which judgment or a certificate thereof was filed for record in the probate office of Jefferson county on November 5, 1912. That on February 10, 1913, subsequent to the time petitioner took charge of the property, execution was issued on said judgment, and on April 20, 1913, said sheriff of Jefferson county did sell such property as and for the property of said J. G. Braswell, the execution creditor becoming the purchaser at said sale, and that subsequently thereto he executed and conveyed by a quitclaim deed the said property to Ivey F. Lewis; the bill further denying that Barnard or Lewis, or any agent of either of them, ever served petitioner with written notice to surrender possession of said property, but did by threats intimidate or persuade them, inducing complainant's tenant to pay rent to them. The bill then alleges the request for information as to the amount required to redeem, and the failure and refusal of Lewis to furnish such amount. The answer sets up demand and refusal to surrender possession made upon M. L. Smith and A. S. Tubbs, as tenants occupying said property, as well as upon J. G. Braswell and his wife, which written demand was made within 10 days after such sale, copies of which are set out. It further sets up unlawful detainer by complain-

ant against the tenant after their attornment to respondent, and also attachment suits and their levy upon the property of the tenants to satisfy the rents by the said complainant.

W. H. WOLVERTON, for appellant.

IVEY F. LEWIS, and H. A. DICKINSON, for appellee.

SAYRE, J.—Appellant filed its bill under the statute to redeem from the vendee of a purchaser at execution sale. On hearing the pleading and proof, the court below dismissed the bill.

This appeal requires a statement of our conception of the operation and effect of the redemption statute in the circumstances shown. The statute (section 5747 of the Code) says: "The possession of the land must be delivered to the purchaser, within ten days after the sale thereof, by the debtor, if in his possession, or if any one holding under him by privity of title, if in his possession, on written demand of the purchaser or his vendee. If the land is in the possession of a tenant, written notice by the purchaser, or his vendee, of the purchase, after the lapse of ten days from the time of the sale, and that it has not been redeemed, vests the right to the possession in him, in the same manner as if such tenant had attorned to him."

(1) The purchaser is entitled to possession, for that is made a condition of the debtor's right to redeem

"The language of the statute, and the equity of such cases, both require that the purchaser should have possession of the lands, that he may enjoy the rents and profits in the meantime, since the sum required to be tendered by the statute embraces only the purchase money, with 10 per cent. interest, and it could not be

tolerated that the defendant in execution should have the rents, when they often amount in value to a much larger sum than the purchase money and the interest required, and almost invariably to a larger amount than the 10 per cent. interest."—*Pauling v. Meade,* 23 Ala. 513.

(2) The first half of the statute (Code, § 5747) declares that: "The possession of the land must be delivered to the purchaser, within ten days after the sale thereof, by the debtor, if in his possession, or of any one holding under him by privity of title, if in his possession, on written demand of the purchaser or his vendee."

A tenant holds in privity of title with his landlord, of course, but that is not the privity of the statute, because the last half of it makes a different provision in cases where a tenant is in possession. In this case a tenant of the debtor or his vendee was in possession. It results that the first half of the statute has nothing to do with the case. The provision of the second half of the statute is that: "If the land is in the possession of a tenant, written notice by the purchaser, or his vendee, of the purchase, after the lapse of ten days from the time of the sale, and that it has not been redeemed, vests the right to the possession in him, in the same manner as if such tenant had attorned to him."

"The legal effect of such notice, when given, is to constitute the tenant in possession the tenant of the purchaser, and thereby abrogate his fealty to the former owner, transfer his possession to the purchaser, and substitute the latter as his future landlord, with the ordinary rights growing out of this relationship."—*Comer v. Sheehan,* 74 Ala. 452; *Richardson v. Dunn,* 79 Ala. 167.

(3) This is the provision, and the only provision, that operates in this case. Appellee, vendee of the purchaser at the execution sale, gave notice to the tenants of appellant in possession, as provided in the second half of the statute, and these tenants attorned to appellee. If this status had been left undisturbed, there would be no doubt of appellant's right to redeem. But appellant, having been actually apprised of the course taken by appellee (it was bound to know anyway), wrongfully ousted appellee's tenants, put its own tenants in possession, and collected rents from them down to the day on which the testimony was taken in this cause, notwithstanding which it now claims the right to redeem on the ground that notice was not served on it, as provided by the first half of the statute. This statute of redemption from the beginning has required that the defendant in execution, if in possession at the time of the sale, shall deliver possession to the purchaser, without suit. —Clay's Digest, p. 503, § 5. It was intended, of course, that the defendant in execution cannot redeem, unless and until he does deliver possession. The statute in its present form provides, however, that the defendant in execution, if he is in possession, may retain possession until he has notice in writing to yield up the possession. But, where tenants are in possession, they must attorn, they must yield possession, on notice to them. As said above, the legal effect of the notice is to constitute the tenant in possession the tenant of the purchaser. To allow the defendant in execution to oust tenants who have attorned to the purchaser, and then from the stronghold of a position wrongfully acquired, after depriving the purchaser of rents and profits he was entitled to receive, assert his claim of right to redeem under the statute and on the terms of the statute prescrib-

ing payments to be made on redemption, destroys the equity which the statute has at all times evinced a clear purpose to declare and enforce.—*Pauling v. Meade, supra.* The would-be redemptioner's hands were unclean. Without prolonging the discussion, it seems plain that the decree of the court below was correct and should be affirmed. We so held in *Narrell v. Phillips Co.,* 185 Ala. 141, 64 South. 305.

Affirmed.

MAYFIELD, SOMERVILLE and GARDNER, JJ., concur. ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., dissent.

MAYFIELD, J.—(Concurring.)—I am not of the opinion that the proof in this case shows that a demand in writing was made on complainant, and that it refused to deliver possession. The mortgagor to whom the demand was addressed was, at the time the demand was served upon him, the general manager of the corporation, and was holding possession of the lands for the corporation and not for himself. He testifies that he had collected the rent for the corporation before the demand was made upon him for the possession, and that, acting for the corporation, he declined to give possession, and that, after the tenants had attorned to the purchaser, he sued them in attachment for the rent. Failing in this suit, he brought unlawful detainer for and in the name of the corporation, against these tenants; and, failing in this, he acquired possession from the purchaser for the corporation, wrongfully and without authority. The evidence shows that in all these acts (the refusal after demand in writing, the bringing of the suits, etc.) he was acting for the corporation and not for himself or for his wife.

The mere facts that this writing was addressed to the mortgagor, and not to the corporation, when it was delivered to the agent and general manager of the corporation, that all the parties treated it as a demand upon the corporation, and that compliance was refused and declined by the agent and general manager of the corporation, for the corporation—this, to my mind, was a full compliance with the statute.

Moreover (if I should be in error on this phase of the case), it is certain that the purchaser was not required to demand the possession after he had acquired it. It is shown that the purchaser did acquire the possession within the ten days, and that he was in the actual possession thereafter, and successfully resisted two suits by the complainant corporation to regain the possession. The statute never contemplated that, when the purchaser obtains the possession, he must, notwithstanding this, in writing, demand the possession. This part of the statute cannot apply to a case where the purchaser or his vendee acquires the possession within ten days after the sale. However, if the statute should be so construed as to require a purchaser who is in actual possession, notwithstanding such possession, to demand the possession of the mortgagor or his vendee, still if the mortgagor or vendee in advance declines to deliver the possession, and is, in fact, bringing suits to recover possession, surely the law will not require the purchaser to do the foolish thing of making a written demand on a person who has already declined to surrender possession. Similar provisions of the same statute have been repeatedly so construed. The same statute requires the redemptioner to tender what is due or is necessary to redeem, before he has a right to redeem. Likewise, if the party to whom the tender

should be made is absent from the state, or secrets himself so that tender cannot be made, these and similar conditions excuse an actual tender. The law never requires the doing of a useless or impossible thing. Other provisions of the statute have been treated like this one as to tender; and I see no reason why the provision as to demand for possession should not be given a like construction.

ANDERSON, C. J.—(Dissenting.)—The minority are of the opinion that nothing short of a written demand on this complainant, while in the actual possession of the land, under the first part of section 5747 of the Code of 1907, and its failure to surrender the possession, will operate to cut off its statutory right of redemption, and the evidence shows no such demand and refusal. The majority seem to invoke something in the nature of an equitable estoppel against the complainant's right to redeem, and which is not available, since the statute prescribes the sole method of cutting off the statutory right of redemption. The holding of the majority finds support in the case of *Narrell v. Phillips,* 185 Ala. 141, 64 South. 305, but to my mind this case is unsound in this respect, and should be over ruled.