142 So. 405

**FEDERAL LAND BANK OF NEW ORLEANS v. OZARK CITY BANK.**

4 Div. 591.

Supreme Court of Alabama.

Dec. 17, 1931.

Rehearing Denied May 26, 1932.

John W. Rish and O. S. Lewis, both of Dothan, for appellant.

Sollie & Sollie, of Ozark, for appellee.

THOMAS, J.

The bill was to quiet title to real property. The cause was submitted upon an agreed statement of facts.

Prior to and on February 13, 1914, one W. L. Casey owned in fee simple and was in possession of lands in Dale county in two tracts designated for convenience as the 40-acre tract and the 273-acre tract. And on that date Casey and wife, Melissa Casey, conveyed to M. M. Pippin, a one-half undivided interest in the 40-acre tract by warranty deed duly recorded March 6, 1915; and on the same date, conveyed a one-half undivided interest in the 273-acre tract to said Pippin to secure $1,000, and that deed was recorded on the 12th day of October, 1915; on December 11, 1915, said Casey and wife conveyed *by mortgage* one-half undivided interest in both tracts to the Dale County Bank to secure a loan of $6,036.07, and the mortgage was duly recorded December 13, 1915; and it was transferred and assigned on March 6, 1916, for value to the Ozark City Bank, and the latter (on the 8th day of March, 1916) transferred said mortgage and debt to Mrs. A. E. Sollie, who, in turn, transferred and assigned said mortgage, on June 2, 1916, to the Dale County Bank, and on November 11, 1916, it (Dale County Bank) transferred and assigned same to Mrs. Melissa Casey.

The mortgage in favor of the Dale County Bank was duly foreclosed and Mrs. Casey became the purchaser on February 23, 1917; and her deed therefor from the auctioneer was duly recorded on the 8th day of February, 1917; and on the same day said purchaser and husband conveyed by warranty deed to said M. M. Pippin said undivided one-half interest in both tracts of land.

By virtue of this conveyance and the due record thereof, M. M. Pippin acquired the rec-

ord legal title to and went into possession of both tracts of land embraced in this suit, and remained in possession until he surrendered the same to complainant, the Federal Land Bank of New Orleans.

The appellant's title is that on August 1, 1921, Pippin executed and delivered mortgage to complainant for a $3,000 loan on the 273-acre tract, which was duly recorded on August 17, 1921; and on April 16, 1923, mortgaged the 40 acres to the complainant, which mortgage was recorded May 1, 1923. There were defaults and due foreclosures on May 10, 1926, and May 16, 1927, respectively, and foreclosure deeds were respectively recorded on May 14, 1926, and May 17, 1927. Immediately thereafter the mortgagor, M. M. Pippin, surrendered the possession to said complainant.

It is further without dispute that complainant had no actual notice of any pending litigation affecting the title to said lands when said mortgages were given, and there was no lis pendens notice of record under the Act of March 5, 1915, page 122, General Acts of 1915 (Code, § 6877 et seq.).

The provisions of the statute (Code, §§ 6878, 6879, 6881) are:

"That when any person shall begin a suit in any court, to enforce a lien upon, right to, or interest in, or to recover any real estate, such person shall file with the judge of probate of each county, where the real estate, or any part thereof is situated, a notice containing the names of all the parties to the suit, or proceedings, a description of the real estate and a brief statement of the' nature of the lien, writ, or suit sought to be enforced. * * *

"That when a sheriff, constable, United States marshal, or other officer, shall levy upon real estate by virtue of any process, he shall file with the judge of probate of each county where the real estate or any part thereof is situated, a notice of the levy, showing the names of the' parties to the proceedings, the kind of process, and a description of the real estate levied on. * * *

"That, if a person beginning any suit affecting, or if any officer, levying any process upon real estate, shall fail to have the required notice entered in the lis pendens record, such suit or levy shall not affect the rights of a bona fide purchaser, * * * of such real estate unless they have actual notice of the suit or levy." General Acts 1915, page 122; §§ 2, 3, and 5.

This statute was recently construed in Reeder v. Cox, 218 Ala. 182, 118 So. 338, 339; McCarty v. Robinson, 222 Ala. 287, 131 So. 895; Faulk v. McDuffie, 215 Ala. 584, 586, 112 So. 229; McCollum v. Burton, 220 Ala. 629, 127 So. 224; Marsh v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323: and Macke v. Scaccia, 222 Ala. 359, 132 So. 880.

■ The lis pendens statute as to constructive notice was to substitute state rather than the common law as to pending suits. 17 R. C. L. p. 1015 et seq.

It should be further stated that on the 21st of February, 1916, L. W. Haskell filed *certificate of judgment against W. L. Casey* in the probate office; and the latter and wife had, as we have shown, by warranty deed disposed of all their interest in said lands on, to wit, February 13, 1914, March 6, 1915, and December 11, 1915. It is further admitted that said Haskell on December 15, 1917, filed a bill in the District Court of the United States against W. L. Casey and wife, Melissa Casey, challenging and to have set aside the conveyances of disposition of said lands, and on February 26, 1921, he made as a party defendant M. M. Pippin; and on the 18th day of November, 1924, there was a decree granting relief and holding the deeds from W. L. Casey to Melissa Casey, and that from her and husband to M. M. Pippen, were null and void and thereby canceled. The rights of said complainant Haskell under that decree were transferred and assigned to the Ozark City Bank, the appellee in this court.

The insistence of appellant is that by failure to file lis pendens notice, as provided by the statute to which we have adverted, the complainant was without actual or constructive notice of the rights, interests, lien, or equity of L. W. Haskell at the time complainant acquired its title and interest in said land as mortgagee of M. M. Pippin, and therefore complainant had the superior right, title, and interest in these lands, and the trial court should have so declared on its bill for such purpose.

The assignment of errors challenges the correctness of the decree denying relief and dismissing its bill.

In Reeder v. Cox, 218 Ala. 182, 118 So. 338, 342, supra, it is observed of the lis pendens statute that its "manifest purpose is to provide a means whereby one desiring to purchase land may ascertain if there is any pending suit which affects the title by examining the lis pendens record."

And McCarty v. Robinson, 222 Ala. 287, 131 So. 895, a creditor's bill, held where a cotenant debtor had prosecuted the partition proceedings to final decree, the lien of the creditor who thereafter sought to set aside the alleged conveyance did not affect the right in the land and attached merely to the debtor's share of the proceeds of sale.

In Macke v. Scaccia, 222 Ala. 359, 132 So. 880, the announcement was that as to bona fide purchaser at foreclosure during the pendency of the mortgagor's suit to enforce equity of redemption, lis pendens is inoperative in the absence of statutory notice. And such was the effect of Marsh v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323; Faulk v. Mc-

Duffie, 215 Ala. 584, 112 So. 229. See, also, McCollum v. Burton, 220 Ala. 629, 127 So. 224.

The federal court has given full force and effect to such state statute. United States v. Calcasieu Timber Co. (C. C. A.) 236 F. 196; United States v. Chicago, M. & St. P. Ry. Co. (C. C.) 172 F. 271; Romeu v. Todd, 206 U. S. 358, 27 S. Ct. 724, 51 L. Ed. 1093; People of Porto Rico v. Livingston (C. C. A.) 47 F.(2d) 712; Mellen, Trustee v. Moline Malleable Iron Works, 131 U. S. 352, 9 S. Ct. 781, 33 L. Ed. 178; Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S. W. 130, Ann. Cas. 1917E, page 629.

■ The lis pendens statute of a state is a rule of property by which the federal and state courts are bound. 38 C. J. 35, § 56; 17 R. C. L. 1032, §§ 28, 35; Swift v. Tyson, 16 Pet. 3, 10 L. Ed. 865; Kowalski v. Chicago, G. W. Ry. Co. (C. C.) 84 F. 586; Id. (C. C. A.) 92 F. 310; Blackwell v. Southern Pac. Co. (C. C.) 184 F. page 489; Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 S. Ct. 140, 54 L. Ed. 228, 234; Warburton v. White, 176 U. S. 484, 20 S. Ct. 404, 44 L. Ed. 555.

■ The sole and only question that is presented is: Should the federal court give full force and effect to the provisions of the state statute pertaining to real estate within its domain? And, being so bound by our statute as to constructive notice—the lis pendens notice—there was error in rendering the decree denying appellant relief and dismissing its bill.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, J.

The agreed statement of facts, among other things, recites of the material issue of fact and question for decision as follows:

"There was no notice ever filed in the Probate Office of Dale County, Alabama, in the Lis Pendens record, under the provisions of the Acts of 1915, approved March 5, 1915, Acts 1915, pages 122 and 123, and sections 6878 and 6881 of the 1923 Code of Alabama. The complainant had no actual notice of any pending litigation affecting title to the lands hereinabove described, when either of said mortgages to it, involved in this suit, were executed and delivered. In this connection the parties agree that their controversy has arisen over, and mainly concerns and involves complainant's insistence that in order for the respondent's interests asserted under its answer to be entitled to equitable and legal protection, and to be available to it herein, said notice should have been filed upon said Lis Pendens record, as the only legal constructive notice to complainants, under the facts in this case, at the times respectively when complainant acquired its said two mortgages; and respondent insisting that said statutes as to Lis Pendens notice do not apply to it in this case, and do not defeat the equities asserted by it under its said answer. * * *

"During the period intervening from September 1st, 1911, to May 1st, 1912, W. L. Casey sold to Alex Thesmar & Co., cotton buyers, of Savannah, Georgia, a large number of bales of cotton, represented by a large number of written orders, or sales contracts. * * * Out of said sales certain differences and disputes arose as to amounts of money owed by W. L. Casey to Thesmar & Company, which differences and disputes were referred to and arbitrated by, and according to the charter, by-laws and rules of the Savannah Cotton Exchange.

"On the 14th day of October, 1912, an award was made in said arbitration, in favor of said Thesmar & Co., against said W. L. Casey. * * *

"After said award was rendered, Alex Thesmar & Co., assigned and transferred its claim under said award to L. W. Haskell, who became the owner of the demand.

"Thereafter, *on the 13th day of June, 1914, said L. W. Haskell,* as assignee of said demand, *filed his suit at law* in the District Court of the United States, for the middle district of Alabama, southern division, at Dothan, against said W. L. Casey. * * *

"Thereafter, on the 21st day of February, 1916, a certificate of said judgment against W. L. Casey was filed and recorded in the office of the Probate Judge of Dale County, Alabama. * * *

"On the 15th day of December, 1917, L. W. Haskell filed in said District Court, at Dothan, on the equity side thereof, his bill of complaint against said W. L. Casey and his wife. * * *

"On the 26th day of February, 1921, said L. W. Haskell amended his said bill in equity, wherein he made said M. M. Pippin a party defendant thereto." (Italics supplied.)

In the application for rehearing it is admitted that before the enactment of the statute, the rule of lis pendens was that of the common law.

And as to the statute and its section 10, it is insisted that an "interest or demand in real estate on March 5th, 1915, of such nature and character that it might have been pleaded and enforced in equity, so as to bring the suit for its enforcement within the common law lis pendens doctrine, such existing right, title, claim, interest or demand is covered by said section 10, and is excepted from the operation of the provisions of the other sections of said lis pendens statute," and that it operated to protect appellee.

We advert to the rule at common law of lis pendens, which the statute sought to modify. That is, before the enactment of the statute (March 5, 1915, Acts, p. 122, Code, §§ 6877–6886), to constitute a valid lis pendens: (a) The litigation must be about some specific subject-matter or thing that is and will necessarily be affected by the termination of the suit and judgment therein; (b) where the court has jurisdiction of the person *and property* that is sufficiently described and indicated in that proceeding—to "warn the whole world that they intermeddle at their peril." Freeman on Judgments, §§ 196, 197; Moragne v. Doe, ex dem. Moragne, 143 Ala. 459, 39 So. 161, 111 Am. St. Rep. 52, 5 Ann. Cas. 331; McCollum v. Burton, 220 Ala. 629, 127 So. 224; 17 R. C. L., p. 1019, § 13; Houston v. Timmerman, 17 Or. 499, 21 P. 1037, 4 L. R. A. 716, 11 Am. St. Rep. 852; Hailey v. Ano, 136 N. Y. 569, 32 N. E. 1068, 32 Am. St. Rep. 764, 767, and notes. There is an early statement of the rule by Chancellor Kent in Cook v. Mancius, 5 Johns. Ch. (N. Y.) 89 (L. Ed. p. 1019), and our cases are collected in Thompson v. Johnson, 201 Ala. 315, 78 So. 91. And we may say, the lis pendens rule at common law (2 Lord Bacon's Works, 479) was rigorous, often worked hardships, and to prevent such condition and result to innocent parties, the remedial statutes were enacted. Winston v. Westfeldt, 22 Ala. 760, 58 Am. Dec. 278; 17 R. C. L. 1014, § 7; p. 1015, § 9; Fisher v. Shropshire, 147 U. S. 133, 13 S. Ct. 201, 37 L. Ed. 109.

It is well, therefore, that we have in mind the limitations of the rule of lis pendens as recently applied, under the statute. In McCollum v. Burton, 220 Ala. 629, 127 So. 224, the complainant recovered a judgment in a tort action after the statute (on October 18, 1926), and sought by the bill to set aside conveyances of real property of date of October 25, 1926, in fraud of the rights of the original plaintiff. Mr. Justice Gardner for the court said: "Complainant's suit against Burton was pending at the time the Brashers purchased, but the evidence is without dispute that they had no actual knowledge or notice thereof. No specific property was sought in that action— merely the recovery of a money judgment, and the doctrine of lis pendens had no application. Moragne v. Doe, etc., 143 Ala. 459, 39 So. 161, 111 Am. St. Rep. 52, 5 Ann. Cas. 331; Thompson v. Johnson, 201 Ala. 315, 78 So. 91; § 6878, Code 1923."

■ What then was the effect, if any, of section 10, Acts 1915, p. 122 (section 6886, Code) and its terms employed, shall not "affect any pending suit, existing right, title, claim, interest or demand"? The remedial statute was to ameliorate the common law, and it cannot be insisted with force that its section 10 was to increase the rigor or exaction of the former rule, and can only mean that nothing contained in the act shall affect any pending suit and rights thereunder that were theretofore protected by the common-law rule; and after the enactment the statutory rule of lis pendens was of force and effect.

Counsel for appellant observe that when Haskell procured his judgment against Casey *on money demand* and recorded against that person in the probate office (February 21, 1916), the Alabama lis pendens statute was of force, and was about two years prior to the filing of the bill against Casey and wife in the United States District Court December 15, 1917, and about four years before Pippin was made a party to set aside the previous conveyances as fraudulent. It is apparent from the agreed statement of facts that there was a failure on appellee's part to comply with the lis pendens statute to prevent the appellant from being and becoming a bona fide purchaser without notice of the lands from Pippin.

■ The amendment of the statute, section 5746, Code of 1907 (extended in section 10140, Code of 1923), extending the class of redemptioners to "the debtor, his vendee, junior mortgagee, or assignee of the equity or statutory right of redemption, wife, widow, child, heir at law, devisee, or his vendee or assignee of the right to redeem under this Code, from the purchaser, or his vendee, within two years" after execution sale of "real estate, or any interest therein," or sale by virtue of "any decree in the circuit court," or sale "under any deed of trust," or that under the "power of sale in a mortgage," did not extend such right of redemption to the appellee as an assignee under or from Haskell, the assignee of the original plaintiff in the award in favor of Thesmar & Co., and as assignee Haskell was the plaintiff in judgment thereon in the United States District Court. To this feature we will later advert.

The recent cases upon the statutory right of redemption of real estate from execution and mortgage sale thereof are to the uniform effect that such statutory right can only be exercised (1) by the parties or persons named in and provided by the statute; (2) and effectuated in the mode or manner prescribed; (3) within the time and upon the conditions required and prescribed. Snow v. Montesano Land Co., 206 Ala. 310, 311, 89 So. 719, and authorities; Whiteman v. Taber, 203 Ala. 496, 500, 83 So. 595; Baker, Lyons & Co. v. Eliasberg & Bros., 201 Ala. 591, 79 So. 13; Wittmeier v. Cranford, 199 Ala. 1, 73 So. 981; Leith v. Galloway Coal Co., 189 Ala. 204, 66 So. 149; Ivy v. Hood, 202 Ala. 121, 122, 79 So. 587; Neuberger v. Felis et ux., 203 Ala. 142, 82 So. 172; Toney v. Chenault, 204 Ala. 331, 85 So. 742; Johnson v. Davis, 180 Ala. 143, 60 So. 799; Zimmern v. People's Bank, 203 Ala. 21, 81 So. 811; Wootten v. Vaughn, 202 Ala. 684, 81 So. 660; Burke v. Brewer, 133 Ala. 389, 32 So. 602; Narrell v. Phillips Merc. Co., 185 Ala. 141, 64 So. 305.

In Wittmeier v. Cranford, supra, Mr. Chief Justice Anderson declared, of the attempt of an assignee from a trustee in bankruptcy, that it was beyond the provisions of the statute for redemption, and cited with approval Leith v. Galloway Coal Co., 189 Ala. 204, 66 So. 149. And our cases do not give the right to other parties in interest than are within the terms and reasonable implication of the statute (for redemption by the debtor or his vendee), and the right was not in the remote assignee, the appellee, Ozark City Bank, had this been a bill by the latter, for redemption from the mortgage foreclosures on February 23, 1917.

It will also be noted that the statute defining property subject to levy and sale under execution was: (1) Real property to which defendant has a legal title or a perfect equity, or a vested legal interest. (2) Personal property of the defendant, whether he had the absolute title thereto, or the right of possession thereof for a limited term or period of time measured by his life or that of another. (3) "On an equity of redemption in either land or personal property. When any interest less than the absolute title is sold, the purchaser is subrogated to all the rights of the defendant, and subject to all his disabilities." Section 4091, Code of 1907, section 7806, Code 1923.

■ It results the statutory right of redemption from mortgage foreclosure in the half interest that may have been exercised by W. L. Casey was not subject to levy and sale under the foregoing statute.

The registration statutes for judgments and decrees, sections 4156, 4157, Code of 1907, sections 7874, 7875, Code of 1923, are specific in the use of the words "shall be a lien on all the property of the defendant in the county where filed, which is subject to levy and sale under execution," extending for ten years from the date of such judgment, and "the filing of the judgment or decree shall be notice to all persons of the existence of the lien." And under these statutes was the announcement that a lien created by these sections when existing as to mortgaged property is a lien only on the equity of redemption and does not extend to the property covered by the mortgage. Zimmern v. People's Bank, 203 Ala. 21, 81 So. 811. This makes clear that the half interest in the lands (as such) mortgaged to the Dale County Bank on December 11, 1915, or lands conveyed by Casey and wife to Pippin on February 13, 1914, was not affected by the rendition of the money judgment in behalf of Haskell, the assignee of the right or claim of Alex Thesmar & Co., and by the record thereof February 21, 1916. The equity of redemption therein was defeated and extinguished by the foreclosure sale under the power in the mortgage, duly transferred (on November 11, 1916) to Melissa Casey.

Thus we are brought to appellee's insistence of some right acquired as against W. L. Casey's statutory right of redemption from the foreclosure of half interest in the lands on February 23, 1917. We have adverted to the decisions to the effect that the right of statutory redemption was not the subject of levy and sale under execution or attachment (section 7806 [section 4091], section 7874 [section 4156], Code), and here note the earlier cases that were recognized in the foregoing statutes. Bailey, Davis & Co. v. Timberlake, 74 Ala. 221; Junkins v. Lovelace, 72 Ala. 303; Childress v. Monette, 54 Ala. 317; Central Mining & Mfg. Co. v. Stoven, 45 Ala. 594, which were followed, and authorities collected, in Whiteman v. Taber, 203 Ala. 496, 499, 83 So. 595.

■ It follows that on this phase of the decision and application for rehearing, the recording of the money judgment by Haskell against Casey, the filing of the plaintiff's bill against Mr. and Mrs. Casey, the amendment bringing in Pippin on February 26, 1921, as owner of the land, and the decree of relief against them on November 18, 1924, would not change the result of noncompliance with the lis pendens statute, by reason of Casey's personal right under the statute of redemption from the mortgage foreclosure and purchase by Mrs. Melissa Casey on February 23, 1917. Whiteman v. Taber, 203 Ala. 496, 499, 83 So. 595; Id., 205 Ala. 319, 87 So. 353, redemption of real estate from mortgage foreclosure; Zimmern v. People's Bank of Mobile, 203 Ala. 21, 81 So. 811, equitable right to property; Wootten v. Vaughn, 202 Ala. 684, 686, 81 So. 660, statutory and equitable rights distinguished; Burke v. Brewer, 133 Ala. 389, 392, 32 So. 602, statutory redemption; Narrell v. Phillips Merc. Co., 185 Ala. 141, 64 So. 305, statutory right of redemption; Johnson v. Davis, 180 Ala. 143, 60 So. 799, where the statutory right was a personal privilege or right personal to the debtor; Johnson v. Smith, 190 Ala. 521, 67 So. 401, an equitable bill to redeem as distinguished from a statutory bill of redemption. See new section (section 10156) in the Code of 1923, merely codified as the result of the foregoing decisions. Toney v. Chenault, 204 Ala. 329, 85 So. 742; Allison v. Cody, 206 Ala. 88, 89, 89 So. 238; Bailey, Davis & Co. v. Timberlake, 74 Ala. 221.

We have by this indicated that appellee was not protected under the provisions of law, and that the judgment and record thereof against Casey, and the decree of the United States court against respondents setting aside the conveyances in question, were not efficacious to defeat appellant's right as a bona fide purchaser without notice under our statute of lis pendens. This is the final judgment of this court, which is intended to give to appellee its federal question if such there be. Chicago

58

G. W. R. Co. v. Basham, Adm'r, 249 U. S. 164, 39 S. Ct. 213, 63 L. Ed. 534.

Application overruled.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.