In the Matter of Jackson YUAN, Debtor.

Judith THOMPSON, as Trustee of the Bankruptcy Estate of Jackson Yuan and Young Min Yu, Plaintiffs,

v.

Jackson YUAN, Defendant.

Bankruptcy No. 94–81293.
Adv. No. 94–80084.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Feb. 10, 1995.

Michael Lee, Huntsville, AL, for trustee.

James C. Alison, Huntsville, AL, for Young Min Yu.

James Harrison, Huntsville, AL, for Jackson Yuan.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on a motion filed by the plaintiffs, Judith Thompson, trustee, and Young Min Yu, requesting permission to amend their complaint and add SouthTrust Bank, John Edward Dodd and Iris Janet Dodd as party-defendants. South-Trust Bank, John Edward Dodd and Iris

Janet Dodd filed objections to the motion. The hearing in this matter was held on the 20th day of December, 1994.

The evidence shows that on or about September 10, 1989, real property located at 103 Oddo Lane, Huntsville, Alabama (subject property), was purchased by Mona Yuan from her husband, Jackson Yuan (debtor), for the sum of $10.00. This transaction is evidenced by a deed dated September 10, 1989, and recorded on February 2, 1990, in the Probate Office of Madison County, Alabama.

In November, 1993, plaintiff Young Min Yu obtained a judgment against the defendant/debtor in the approximate amount of $30,000.00, and shortly thereafter filed a certificate of judgment evidencing same in the probate records for Madison County, Alabama. On April 1, 1994, Yu filed, in the same civil action in which his judgment was obtained, a motion for execution on his judgment against the subject property. The motion to execute alleges that the subject property was fraudulently conveyed by the defendant/debtor to his wife in 1989.[1] On or about April 1, 1994, the attorney for Yu filed a copy of this motion in the probate records of Madison County, Alabama (plaintiff's exhibit # 3). A copy of this motion and its attachment as filed in the probate court is attached to this opinion. Said filing was not indexed under the name of Mona Yuan, the titled owner of the real estate in question.

On April 7, 1994, Mona Yuan sold the subject property to Mr. and Mrs. Dodd. SouthTrust Bank financed the purchase. On June 8, 1994, the debtor filed for relief under Chapter 7 of the Bankruptcy Code.

The plaintiffs contend that the filing of a copy of the motion to execute on judgment in the probate records on April 1, 1994, constitutes a notice of a lis pendens; and thus, precludes the Dodds and SouthTrust Bank from being bona fide purchasers of the property for value without notice of Yu's claim. In the alternative, the plaintiffs contend that the Dodds and SouthTrust Bank had actual notice of Yu's claim.

## A. Constructive Notice

■ Section 35–4–131 of the *Code of Alabama 1975* requires a notice of lis pendens to be filed with the judge of probate in the county where the real property lies. The notice shall contain the names of all parties to the action or proceeding, or the persons named as those having an interest in the land, a description of the real estate and a brief statement of the nature of the lien, writ, and application or action sought to be enforced. The purpose of this section is to provide a means whereby one wanting to purchase land can ascertain if there is any pending litigation which affects the title by examining the lis pendens record. *Federal Land Bank v. Ozark City Bank,* 225 Ala. 52, 142 So. 405 (1931). If the notice is not entered in the lis pendens record, the action, proceeding, or application shall not affect the rights of a bona fide purchaser or mortgagee of any interest in such land unless he or they have actual notice of the action, proceeding, levy, or application. section 35–4–135.

These lis pendens statutes are in derogation of the common law. Alabama law has long held that statutes that are in derogation of the common law must be strictly construed. *Holland v. City of Alabaster,* 624 So.2d 1376 (Ala.1993). Consequently, these statutes detail exactly "the procedure that must be followed for filing notice of lis pendens when any civil action has been brought in any court to enforce any right to, or interest in land" and they must be followed to the letter. *First Alabama Bank of Tuscaloosa, N.A. v. Brooker,* 418 So.2d 851, 854 (Ala.1982).

■ The purpose of the lis pendens record is to afford purchasers a method of protecting themselves against existing claims. *Batson v. Etheridge,* 239 Ala. 535, 195 So. 873 (1940). Therefore, when a party does not follow the requirements of the statute and have his claim recorded in the lis pendens record, he must be the one to bear the onus of his failure. An innocent third party should not be forced to suffer because a potential claimant did not follow Alabama law.

1. The wife, Mona Yuan, was not a party defendant to this civil action.

The evidence shows that no notice of a lis pendens was filed in the office of the Probate Judge for Madison County, Alabama. The only document recorded in the Probate Office was the motion for execution on judgment against property alleged to have been fraudulently conveyed. This document was indexed under the name of Jackson Yuan only and recorded in Judgment Book 103, Page 1079. It was not recorded in the Lis Pendens record as required by section 35–4–130 or indexed under the name of Mona Yuan, the titled owner.

Apparently, no request was made of the probate clerk to index the instrument under the name of Mona Yuan. The caption of the document does not contain the name of Mona Yuan even though her name appears one time in the body of the document in paragraph number 2 thereof. The document is neither captioned nor entitled as a notice of lis pendens, or a notice of pending action against real estate, and apparently the probate clerk was not instructed or requested to record same as a notice of lis pendens.

The Court finds that the filing of a copy of the motion, which was recorded in the judgment record book in the name of Jackson Yuan, is not sufficient as a notice of a pending action to recover property titled in the name of Mona Yuan as required by section 35–4–131. It should be noted that there was no action pending against Mona Yuan to set aside the conveyance of the property to her as a fraudulent transfer. The only action pending was the original civil action against the debtor, and in which his wife, Mona Yuan, was not a party.

B. *Actual Notice*

Section 35–4–135 provides that if the notice required by section 35–4–131 is not entered into the Lis Pendens record, the action, proceeding, or application shall not effect the rights of a bona fide purchaser or mortgagee unless he or they have actual knowledge of the action, proceeding, levy or application. However, this exception does not apply in this case.

John Edward Dodd, Iris Janet Dodd and SouthTrust Bank had no actual notice that there was any pending action concerning or involving the subject property. Mr. Paul Seeley, a local attorney, representing South-Trust Bank in the transaction that closed on or about April 7, 1994, testified under oath in open court that he had at least one conversation with Mr. Allison (counsel for Yu) prior to that closing concerning Yu's judgment against Jackson Yuan. Mr. Seeley stated that Allison never indicated in this or any other conversation prior to the closing that he intended to attempt to execute on his existing judgment against the subject property. In fact, Mr. Seely stated that if he had had any indication that the plaintiff had a claim against the subject property, he would not have closed the transaction.

Yu argues that SouthTrust Bank had notice of his claim against the property because his attorney sent a copy of the certificate of judgment against Jackson Yuan to Mr. Seeley by facsimile transmission on March 31, 1994 (plaintiff's exhibit # 2). However, this transmittal was not notice of any encumbrance or action pending against the subject property.

The transmitted document only reflected that Yu had a judgment against Jackson Yuan. Mr. Seeley never denied having knowledge of the judgment, he only denied having knowledge that Yu intended to execute on the subject property; property that was owned by Mrs. Yuan for more than four years prior to the sale to the Dodds. The correspondence between Paul Seeley and James C. Allison on March 31, 1994, did nothing to reveal Mr. Allison's intentions or thought processes concerning the subject property or a fraudulent conveyance action. The facsimile transmission of the certificate of judgment was not sufficient notice to Paul Seeley of a pending claim against property owned by Mona Yuan as required by section 35–4–135.

The Court finds that the Dodds and South-Trust Bank are bona fide purchasers and mortgagee without notice. The motion to add them to the above entitled action as party defendants is hereby denied and an order in accordance with this opinion will be entered.

ATTACHMENT