WILSON, Appellant, v. DRUMRITE, Respondent.

1. A mortgagee wrongfully disposed of the mortgaged premises; held, in a suit against him by the mortgagor, that the measure of damages was properly assumed to be the value of the premises sold at the time of the sale, the circumstances of the case not calling for the exercise of any rigor.

*Appeal from Greene Circuit Court.*

*J. M. Richardson*, for appellant.

*Wright*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

When this case was formerly in this court (21 Mo. 325), it was settled that Vaughan, the purchaser, having paid a full

consideration, and having no notice of the equity of the plaintiff, could not in any manner be affected by this proceeding. It therefore not being in the power of the court to restore the land to Wilson, the plaintiff, the question arises as to the time at which the value of the land conveyed away by Drumrite shall be estimated. Shall the purchase money he received from Vaughan with interest be the measure of his liability; or shall he account for the value of the land as estimated at the beginning of the suit, or at the time of trial? The rule in relation to this subject seems to be, that every case will be governed by its own circumstances. In the matter of Hart v. Ten Eyck, 2 Johns. Ch. 116, which was a case in which an administrator had fraudulently procured the sale of the real estate of an intestate, the chancellor allowed the value, as estimated at the institution of the suit, to be the measure of the damages; and, had it been necessary for the indemnity of those defrauded, he seems to have had no doubt but that the trustee might have been held liable for the value to be ascertained at the time of taking the account before the master. In other cases, where a trustee has, in violation of his trust, invested the trust property or its proceeds in any other property, the *cestui que trust* has his option, either to hold the substituted property liable to the original trust, or to hold the trustee himself personally liable for the breach of trust. The option, in such cases, belongs to the *cestui que trust* alone, and is for his benefit, and not for the benefit of the trustee. (Oliver v. Peat, 3 How. 333.) In the case of Johnson v. Executors of Lewis, 2 Story's Eq. 157, it was said, the rule is, that if one come tortiously into the possession of an estate he ought not to be spared, and ought to be charged to the extent of what it was capable of producing; but if he enter rightfully, and can show what the actual income was, that will determine the extent of his liability. The same principle ought to apply when the party in possession believed that the right of property was in himself, and has been thrown off his guard by the belief that he was not liable to account, and consequently kept no accounts. In the

case of Norman v. Cunningham, 5 Gratt. 64, by a divided court, the value of the land conveyed in breach of trust was estimated at the time of the sale of the property. In that case there was no bad faith in the trustee. (Hill on Trustees, 767.)

The circumstances of this case do not call for the exercise of any rigor towards the defendant. If there was any bad conduct in the transaction, it was all on the part of the plaintiff, who, purchasing property at a reduced price and limited credit, failed to comply with his engagements, thereby defeating the expectations of the defendant and depriving him of the advantages anticipated from the disposition of his property. Moreover, Drumrite, at the time he sold the land, was entitled to a decree in a court of equity to have it sold; and if in doing what equity would have done he has not injured the plaintiff (and there is no proof that he has), in justice the plaintiff is only entitled to have the land estimated at the time of sale, and that with interest would be the measure of his damages.

As this is a case in which the costs were discretionary with the court, we, regarding the peculiar circumstances attending it, do not consider that it would be proper to interfere with the exercise of that discretion. (Shields & Hickerson v. Bogliolo, 7 Mo. 134.) Judgment affirmed; the other judges concurring.