(112 So. 229)

**FAULK v. McDUFFIE.   (4 Div. 45.)**

(Supreme Court of Alabama.  March 24, 1927.)

1. Mortgages ⬅➡596, 597—Right of mortgagor's wife to redeem land sold at mortgage sale held not forfeited by husband's failure to give purchaser possession (Code 1923, § 10143).

Right of mortgagor's wife to redeem land sold at mortgage sale against husband *held* not forfeited, under Code 1923, § 10143, which provides that failure of mortgagor to give possession to purchaser at mortgage sale forfeits right of redemption.

2. Mortgages ⬅➡605—Mortgagor's wife may file bill for redemption without tender, where purchaser failed to comply with her request for statement of amount due.

Mortgagor's wife, having right of redemption, requested from purchaser on mortgage sale statement of amount necessary for redemption, which request was not complied with. *Held*, offering and averring her ability to pay debt and all lawful charges, wife may file bill without making tender.

3. Equity ⬅➡39(1)—Where mortgagor's wife's right to redeem was defeated by sale of land, bill held properly retained to award value less debt and costs.

Where bill of mortgagor's wife contained sufficient pleading and proof to support statutory redemption from purchaser at mortgage sale, but specific recovery of land was defeated by sale to bona fide purchaser, it was not error to retain bill to award complainant value of land less amount of debt and foreclosure costs.

4. Lis pendens ⬅➡25(4)—Purchaser at mortgage sale who sold land pending redemption suit held not protected by lis pendens record (Code 1923, § 6878).

Purchaser at mortgage sale who sold land while redemption suit was pending *held* not protected by lis pendens record provided by Code 1923, § 6878; its purpose being notice to bona fide purchasers from purchaser at foreclosure sale.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill in equity by M. B. McDuffie against J. E. Faulk and others. From the decree the named respondent appeals. Affirmed.

━━━━━━━━━━━━━━━━━━━━━━━━
⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Complainant filed her original bill alleging that she was the wife of J. H. McDuffie; that J. H. McDuffie had executed two mortgages, to separate mortgagees, on the property involved, in which complainant joined, both which were assigned to respondent Faulk and one Mizell; that the land was sold at foreclosure under the powers contained in said mortgages, respondent Faulk becoming the purchaser; that thereafter, and within two years from foreclosure, complainant made written demand upon respondent Faulk for a statement of amount necessary to redeem; that Faulk failed and refused to furnish said statement within the time required by law; that complainant does not know the amount bid for the land and other charges claimed by Faulk; that no demand had ever been made by Faulk upon complainant or her husband for possession of the land; that by reason of the failure of Faulk to furnish the statement of the amount necessary to redeem, complainant filed her bill without tender, but complainant offers to do equity by paying such amount as the court finds to be due. The prayer was for redemption and for general relief.

It appears that after the filing of the original bill Faulk sold the lands to O. C. Faulk, R. D. Johnson, and J. K. Page, who later conveyed the same by mortgage to the First National Bank of Opp, and that these purchasers filed a petition to be made parties to the cause, which was denied. Thereafter complainant amended her bill by making these purchasers parties defendant, alleging that they claimed some right, title, or interest in the land through respondent J. E. Faulk, seeking by added amendment such relief "as is appropriate and proper and justified by the law and the facts of the case in harmony with the object and purpose for which the original bill was filed," and for general relief.

On submission of the cause the trial court dismissed the bill as to respondents O. C. Faulk, Johnson, Page, and the Bank of Opp, on the theory that said parties were bona fide purchasers, without notice of the pendency of the bill, but decreed complainant to be entitled to relief as against respondent J. E. Faulk; that said Faulk having placed it beyond his power to restore the land to complainant, having sold it since the filing of the bill, no tender by complainant was necessary, but only an accounting between the parties; that said Faulk was chargeable with the value of the land at the time of filing of the bill, less the amount of the debt due on the mortgages involved, cost and expenses of foreclosure, interest, and taxes. A reference was ordered to be held by the register for the purpose of stating the account between the parties. From this decree respondent J. E. Faulk has appealed.

Mulkey & Mulkey, of Geneva, for appellant.

The bill was fatally defective in not alleging that the complainant delivered possession of the land after foreclosure, or offering some excuse therefor. Code 1923, § 10143; Nelms v. Kennon, 88 Ala. 329, 6 So. 744. There are no facts alleged in the bill which would justify or authorize the court to hold the case for the purposes stated in the decree. When the equity of the bill fails, the court will not hold the case to award damages recoverable at law. Farmers' Bank v. Murphree, 200 Ala. 574, 76 So. 932. Faulk had the right to sell the land, no lis pendens notice having been given, and for so doing he cannot be held to account, and the rights of bona fide purchasers are not affected. Thomas v. Blair, 208 Ala. 48, 93 So. 704.

Carmichael & Tiller, of Geneva, for appellee.

The bill sufficiently excuses failure to deliver possession, but the right of the wife to redeem would not be forfeited, even if demand for possession had been made upon her, and she had failed to surrender the lands to the purchaser. Thomas v. Blair, 208 Ala. 48, 93 So. 704; McDuffie v. Faulk, 214 Ala. 221, 107 So. 61; Johnson v. Williams, 212 Ala. 319, 102 So. 527. It was not necessary for complainant to make tender to Faulk before filing her bill; demand for statement was made upon Faulk, and he failed or refused to comply with such demand. An offer to pay all lawful charges, made in the bill, was sufficient. Slaughter v. Webb, 205 Ala. 334, 87 So. 854. Waiver of right to redeem by the mortgagor does not affect the right of the wife. Thomas v. Blair, supra. The equity of the bill did not fail; complainant having filed her bill to redeem within the time required. Though the purchasers had a right to be perfected, the bill was properly retained for an accounting against Faulk. Van Heuvel v. Long, 200 Ala. 27, 75 So. 339; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084. Code 1923, § 6878, was not intended to protect the purchaser at foreclosure sale, but bona fide purchasers from said purchaser.

THOMAS, J. The bill is by a wife for the redemption of land from a mortgage sale against the husband; her only interest therein being as wife.

[1] The wife's right of redemption from the husband's mortgage is not affected by the question of possession or the surrender thereof to purchaser at mortgage sale and not subject to the forfeiture provided in the statute. Code 1907, § 5747; Code 1923, § 10143; Johnson v. Williams, 212 Ala. 319, 102 So. 527; Thomas v. Blair, 208 Ala. 48, 93 So. 704; Stringer v. Kelly, 212 Ala. 565, 103 So. 650; McDuffie v. Faulk, 214 Ala. 221, 107 So. 61. The case of Nelms v. Kennon, 88 Ala. 329, 6 So. 744, is not in point. At the time that bill

was filed complainant, his brother, and sisters composed the family resident thereon who he left in the premises in hostility to the purchaser at mortgage sale. Moreover, at that time, the statute did not give the wife the right of redemption.

[2] The wife made demand of Faulk for statement of all lawful charges necessary to payment and redemption without suit in equity, and there was failure or refusal to comply. The wife may therefore file her bill, without making tender, offering and averring her ability to pay the debt and all lawful charges. Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Gay v. Taylor, 214 Ala. 659, 108 So. 853. A waiver or forfeiture or estoppel of the right of redemption by the mortgagor, without more does not bind the wife who in good faith asserts her statutory right.

[3] In Farmers' Sav. Bank v. Murphree, 200 Ala. 574, 576, 76 So. 932, 934, the mortgagee had transferred a part of a series of notes secured by mortgage; that transferee foreclosed, and the mortgagee filed the bill against the bank, seeking to set aside the foreclosure and for resale; held:

"No allegations in the bill to support the granting of relief by way of statutory redemption from the foreclosure sale, and hence the prayer for redemption is nugatory. The equity of the bill failing under the proof, it will not be retained for the mere collection of the surplus due to complainant, for which he has an adequate remedy at law."

[4] In the instant bill there was sufficient pleading and proof to support statutory redemption from Faulk. The analogy is that of Van Heuvel v. Long, 200 Ala. 27, 75 So. 339; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084, where some of the land had been sold by the vendee or mortgagee, and the recovery in equity of the equitable right of the mortgagor to redeem has been defeated, was upheld for the "proceeds of the sale," or for the "value of the land" at his election. Here there was no error in ordering a reference between complainant and the said Faulk, as was decreed. Said defendant was not protected by section 6878 of the Code. Its object was notice to the persons who were bona fide purchasers from the purchaser at the foreclosure sale, not the purchaser at foreclosure and party to the suit for redemption.

We may say further, in passing, the court rendered the decree after seeing and hearing the witnesses, and was in a better position to pass upon the testimony. Andrews v. Grey, 199 Ala. 152, 74 So. 62; Ray v. Watkins, 203 Ala. 683, 85 So. 25.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.