(134 So. 885)

## STEED v. CARMICHAEL et al.

### KELLY v. STEED.

6 Div. 806, 806-A.

Supreme Court of Alabama.

May 21, 1931.

Rehearing Denied June 11, 1931.

See also Kelly v. Carmichael, 221 Ala. 339, 128 So. 443.

Coleman, Coleman, Spain & Stewart and W. H. Smith, all of Birmingham, for appellant and cross-appellant.

194

Howze & Brown and Cabaniss & Johnston, all of Birmingham, for appellee.

BOULDIN, J.

The original bill was filed by Mrs. Leona B. Kelly, March 30, 1927, seeking a redemption of real estate from a foreclosure sale under mortgage.

Mrs. Kelly had become the owner of an undivided interest in a portion of the property subject to the mortgage.

W. M. Carmichael, assignee of the mortgage and purchaser at his own foreclosure sale under the power of sale in the mortgage, and R. G. Allen, a tenant in common with Mrs. Kelly, and sole owner of the equity of redemption in the other lands covered by the mortgage, were made parties respondent.

On May 2, 1927, Joe Steed was made party respondent by amendment, alleging that he claimed the right to redeem from such foreclosure sale and had filed a bill in equity to enforce such right, and that his rights in the premises should be adjudged in this suit.

A demurrer, filed by respondent Carmichael for misjoinder, was held not well taken by this court, on the ground that misjoinder can be raised only by the party who is improperly joined. Kelly v. Carmichael, 217 Ala. 534, 117 So. 67.

The cause proceeded to final decree granting Mrs. Kelly relief and decreeing the terms of redemption. This decree was reversed on her appeal for reasons shown in the opinion. Kelly v. Carmichael, 221 Ala. 371, 129 So. 81.

Respondent Carmichael thereafter filed an amended answer consenting to a redemption on the terms outlined in our decision, and made a motion to set the case for oral hearing.

On the same date respondent, Joe Steed, filed his answer, making same a statutory cross-bill.

The demurrers of respondent Carmichael going to the equity of the cross-bill were sustained, and the cross-bill dismissed as to him.

From this decree the present appeal is prosecuted.

This cross-bill of Joe Steed, whose equity is now involved, admits and adopts, as part of the cross-bill, all the averments of the original bill of Mrs. Kelly as last amended; alleges that R. G. Allen, co-respondent in the original bill, is largely indebted to cross-complainant, that the interest of R. G. Allen in the mortgaged property is subject to such indebtedness; and prays that the foreclosure sale be set aside, and the interest of R. G. Allen be sold for the satisfaction of his indebtedness to cross-complainant. There is a prayer for general relief.

The cross-bill, by reference to the original bill, discloses that all title and interest in R. G. Allen was acquired subject to the Carmichael mortgage.

Other averments of the cross-bill are to the effect that the deed was first taken in the name of Mrs. Allen, the wife of R. G. Allen, but for his use and benefit, or in fraud of the rights of Joe Steed, as an existing creditor. Taken as true, the effect was to constitute R. G. Allen the equitable owner as to his existing creditor from the date of purchase; equitable assets, subject to the prior mortgage, and so held at the time of the foreclosure.

The cross-bill, however, discloses that no lien had been acquired on such equitable interest by creditor's bill or otherwise prior to the foreclosure, but affirmatively shows the former suit to subject the same was, like the present cross-bill, filed after foreclosure. This, then, is a bill by a simple contract creditor of the owner of an equity of redemption, seeking to set aside a foreclosure sale for irregularity, to reinstate the equity of redemption and subject the same to cross-complainant's demand.

The sole ground for disturbing the foreclosure, as fully developed in our last decision, is that the property was sold as a whole when it should have been sold in parcels. The property had been laid off into blocks, lots, streets, etc., prior to the giving of the mortgage; but the mortgage was by general description, without regard to the plat, and the foreclosure followed the description in the mortgage.

Whether, on a final hearing, this would be shown such a breach of obligation, in the nature of a trust, as would call for setting aside the sale, on principles discussed on former appeals, is removed from the field of litigation by express consent of the mortgagee-purchaser to redemption by Mrs. Kelly on the terms applicable to such situation.

At all events the sale was infected with irregularity merely. It was voidable, but not void. The equity of redemption was fully divested and merged in the title of the mortgagee-purchaser. In such case the equity to vacate the sale is conditioned upon an offer to do equity, and offer to redeem by one entitled to redeem.

This is a prerequisite to the enforcement of an equity of redemption even before foreclosure.

In the present cross-bill there is no offer to pay the mortgage debt and other charges under the equities of the particular case. This, however, was subject to amendment.

The essential question is the standing of a simple contract creditor of the mortgagor, or of the assignee of his equity of redemption, in a court of equity in such case.

As stated, the right of the mortgagor to vacate such a sale rests upon a relation of trust between him and the mortgagee.

In case of a purchase by a mortgagee at his own sale without authority conferred by the mortgage, there is such direct conflict between the duties of the seller and the interest of the buyer that courts of equity on general principles vacate the sale at the election of the mortgagor, or one holding in his right, seasonably expressed, and accompanied with offer to redeem by payment of the mortgage debt and otherwise do equity in the premises.

In the case before us, an irregularity in selling as a whole rather than in parcels, it must further appear that injury resulted therefrom, injury may result from sacrifice of the property or the impairment of the right of redemption.

The equity to vacate such sale rests upon the same basis in both cases, a breach of the trust obligation growing out of relations between the parties.

The foreclosure, in either case, is effective to pass the title, subject only to avoidance on equitable terms. Kelly v. Carmichael, 221 Ala. 371, 129 So. 81; Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105; Dozier v. Farrior, 187 Ala. 181, 65 So. 364; American Freehold Land Mtg. Co. v. Pollard, 120 Ala. 7, 24 So. 736; American Freehold Land Mtg. Co. v. Sewell, 92 Ala. 163, 9 So. 143, 13 L. R. A. 299; Kelley Realty Co. v. McDavid, 211 Ala. 575, 100 So. 872; Day & Barclift v. Stewart, 202 Ala. 229, 80 So. 289; Ezzell v. Watson, 83 Ala. 122, 3 So. 309; Woodruff v. Adair, 131 Ala. 544, 32 So. 515.

There is no trust relation between the mortgagee and a simple contract creditor of the mortgagor. Such creditor is vested with no equity of redemption, no right to pay the mortgage debt even before foreclosure merely as a simple contract creditor of the mortgagor. There is no privity between him and the mortgagee in relation to the property.

It would seem elementary that only those can assail a transaction because of a breach of trust who are beneficiaries of the trust. Strangers have no concern therewith.

The case presents no question of actual fraud directed toward this cross-complainant. It does not appear that the mortgagee had any knowledge of the existence of such debt, and certainly there is no suggestion of collusion between the mortgagee and mortgagor to defeat the latter's creditors.

The right of the creditor to reach and subject equitable assets to the payment of his debt through a court of equity is unquestioned. But equitable assets must exist. A stranger cannot assert equities personal to the mortgagor in order to revest assets in him for the benefit of such stranger.

Allen, the debtor, a nonresident, has suffered a decree pro confesso, and so far as appears is taking no part in the litigation. Should a redemption be effected by him, or if an equitable interest in the property accrue to him by a redemption under a decree for Mrs. Kelly, the present decree presents no hindrance to proceedings by Mr. Steed to reach and subject Allen's equity to the payment of the debt, subject to the equities between Allen and Mrs. Kelly.

Affirmed on direct appeal and on cross-appeal.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.