172 So. 662

**LEE v. MACON COUNTY BANK et al.**

**5 Div. 230.**

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 4, 1937.

Mary Lou Lee, pro se.

Powell & Powell, of Tuskegee, and Fred S. Ball, Jr., of Montgomery, for appellees.

THOMAS, Justice.

The bill as amended sought accounting and redemption. The decree denied relief and that action is assigned as error.

■ The testimony was taken orally in open court, before the judge rendering the final decree, and is supported by the intendment that obtains. Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171; Andrews et al. v. Grey, 199 Ala. 152, 74 So. 62.

■ The provisions of the note and mortgage are for past indebtedness and future advances to be made by the mortgagee, and are specific and unequivocal; their terms touching the right of foreclosure, however, are meager. These instruments were executed on January 1, 1923, and May 12, 1922, respectively, before the Code of 1923 became effective; are ruled by the law of the time entering therein (Cotton et al. v. First Nat. Bank, 228 Ala. 311, 153 So. 225), and the mortgage in the respects last indicated is not within section 9011 et seq. of the Code.

■ It is declared that before the adoption of the Code of 1923, as to mortgages executed prior thereto and where no specific place of sale is named and none provided by law, it is left to the selection of the mortgagee, who is bound to exercise a reasonable and prudent discretion in executing the power of sale. State Bank of Elberta v. Peterson, 226 Ala. 13, 145 So. 154.

■ The time required as to notice to be given of such a foreclosure, where it is to be given by publication, is governed by the old section, section 5182, Code of 1907, section 9258, Code of 1923. Hall v. Noble et al., 215 Ala. 444, 111 So. 14 (a bill in equity).

■■ The purpose of a foreclosure is to extinguish the equity of redemption; and it is a material part of the security. Hamill v. McCalla et al., 228 Ala. 281, 153 So. 412. And this may be done, within the terms of the contract, by the party having that right or security according to the statutes, or the adjudicated method that obtains in this jurisdiction. 41 Corpus Juris page 830 et seq.; Woodruff v. Adair et al., 131 Ala. 530, 32 So. 515; Ward et al. v. Ward et al., 108 Ala. 278, 19 So. 354; Pollak et al. v. Millsap et al., 219 Ala. 273, 122 So. 16, 65 A.L.R. 110; Steed v. Carmichael et al., 223 Ala. 193, 134 So. 885; Mallory et al. v. Agee, 226 Ala. 596, 147 So. 881, 88 A.L.R. 1107.

■ If the words employed in the mortgage are sufficient to evidence an intention that a sale of the property embraced therein may be made after default, or the happening of the lawful contingency against which the stipulation or indemnity obtains (Cannon v. McNab & Eastern Bank, 48 Ala. 99; McGuire v. Van Pelt et al., 55 Ala. 344; Presnall v. D. R. Burgess & Co., 181 Ala. 263, 61 So. 804; 41 Corpus Juris page 926, § 1345), such foreclosure may be had under the law of such a case.

■ We find nothing in our decisions that would indicate that the provisions contained in the bank's mortgage would deny its right of foreclosure by sale after default and reasonable notice given of the time, place, and terms of the sale. If notice was duly given and the sale made within the rules of law that govern, this was sufficient to foreclose the equity of redemption. This efficacious result is dependent on other material facts that obtain and enter therein. This is clearly indicated in our recent decisions: Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Steed v. Carmichael et al., 223 Ala. 193, 134 So. 885; DeMoville, pro ami., &c. v. Merchants & Farmers Bank of Greene County et al., 170 So. 756.[1] These last-cited cases followed the rule or analogy contained in the earlier decisions of Dozier v. Farrior et al., 187 Ala. 181, 65 So. 364; Mahone v. Williams, 39 Ala. 202. The terms of this mortgage, as to the right of sale on default, when tested by the decisions, are not only an expression of a power coupled with an interest, but are quickened with an element of trust. The mortgagee is charged with the duty of exercising fairness and good faith in executing the power of sale, to the end that the mortgagor's property may be disposed of to her advantage in satisfying the debt or indemnity which the mortgage was given to secure.

■ The description employed in the mortgage, the notice given of the intended foreclosure, and the deed from the purchaser and wife to the mortgagee, given a few days later, described the lands by governmental subdivisions and a general description designating the names by which the several places are known. This fact, aided by judicial knowledge and the evidence before us, shows an attempted foreclosure of the mortgagor's equity of redemption to the several, separate, and distinct tracts of farm land, which were

not adjacent or contiguous, but widely separated. It was the mortgagee's duty to expose separate tracts of the land for sale to encourage bidders and to obtain the best price; not to embarrass prospective purchasers by exposure of the lands for sale en masse. This is well-established by recent decisions: Dozier v. Farrior et al. (1914) 187 Ala. 181, 65 So. 364; Kelly v. Carmichael (1928) 217 Ala. 534, 117 So. 67.

The last statement of this rule by this court may be found in DeMoville, pro ami., &c. v. Merchants & Farmers Bank of Greene County et al., 170 So. 756, 764, as follows:

"Conceding that the mortgagee was within its rights in electing to sell the real estate covered by the mortgage in advance of a sale of the collaterals (though there are authorities to the contrary, 1 Wiltsie on Mortgage Foreclosures (4th Ed.) p. 241, § 173; same Author, 1st Ed. p. 313, § 263; Koger v. Weakly et al., 2 Port. [Ala.] 516), it was charged with the duty arising out of the trust, to act in good faith and 'adopt all reasonable modes of proceeding in order to render the sale beneficial to the debtor,' and it is familiar law, in most every jurisdiction, that anything done by the party conducting the sale calculated to prevent competitive bidding or discourage it, renders the sale void. 19 R.C.L. page 613, § 430; Longwith v. Butler, 3 Gilman (8 Ill.) 32; Mapps v. Sharpe & Company, 32 Ill. 13; Miltenberger v. Morrison et al., 39 Mo. 71; Jackson ex dem. Bowers v. Crafts, 18 Johns. (N.Y.) 110."

In Dozier v. Farrior et al., supra, this court said:

"We direct attention to the limits of the rule which we now have under consideration. The lands must be in 'separate parcels, distinctly marked for separate and distinct enjoyment,' and such parcels, when so sold en masse, must bring at the sale an adequate price. Mahone v. Williams, 39 Ala. 202. * * *

"A mortgagee is, in a sense, a trustee for the mortgagor, and, in exercising the power of sale contained in his mortgage, he must not disregard the rights of the mortgagor. The rule which we now have under discussion arises out of 'the reasonable presumption, sanctioned by observation and experience, that such property,' i. e., property in distinct parcels, distinctly marked for separate and distinct enjoy-

ment, ' will produce more when sold in parcels, because the sale is thus accommodated to the probable wants of purchasers.' Mahone v. Williams, supra." 187 Ala. 181, 185, 65 So. 364, 366.

In Kelly v. Carmichael, supra, it is stated that "the reason of the rule requiring property covered by a mortgage or lien which is in 'separate parcels, distinctly marked for separate and distinct enjoyment,' to be first offered for sale in parcels rather than en masse, is that a sale in parcels or lots opens a field to a greater number of bidders, is conducive to a better price, and 'tends to prevent odious speculation upon the distress of the debtor,' and enables him to redeem some of the property without being compelled to redeem it all." 217 Ala. 534, 537, 538, 117 So. 67, 71.

In the case of Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 493, 150 So. 463, authorities are collected covering many phases of foreclosure and the well-recognized distinction between a redemption under the statute and under the equity; and the opinion in that case contains, among other things, the recognized rule that where there is no debt, or indemnity therefor, or duty reduced to a money value, there is no mortgage, or the mortgage ceases to exist and its powers are withdrawn. Drum & Ezekiel et al. v. Bryan et al., 193 Ala. 395, 69 So. 483.

The amount of the mortgage, or the amount due thereon at the time of foreclosure and at the time of response to complainant's written demand for lawful charges necessary to redeem, was an important fact, as affecting the redemption and aiding the accounting prayed. The authorities construing section 10144 of the Code of 1923, section 5748, Code of 1907, Acts 1911, p. 391, § 1, are collected in Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463; Fellows et al. v. Burkett, 219 Ala. 601, 122 So. 808; Johnson v. Williams, 212 Ala. 319, 102 So. 527.

The duty of one seeking to redeem as to tender was considered, and the rights declared as to tender in Hale et al. v. Kinnaird, 200 Ala. 596, 76 So. 954, where the purchaser at mortgage foreclosure sale had separated the tract or tracts of land purchased en masse into several tracts. See, also, Snow v. Montesano Land Co. et al., 206 Ala. 310, 89 So. 719.

In a case where the statute applies —as statutory redemption—the complainant has the right to rely on the immediate written response made by the mortgagee-purchaser to the mortgagor's written demand for charges and debts claimed by such purchaser or his vendee and necessary for statutory redemption. Dorrough v. Barnett, 216 Ala. 599, 114 So. 198; section 5748, Code 1907, section 10144, Code 1923; Acts 1911, p. 391.

The rule as to a failure of compliance by the mortgagee-purchaser, or his vendee, in this behalf, is, that when the defendant, within ten days after such written demand on him, fails to furnish complainant with a written itemized statement of the debt and lawful charges claimed by him and required for redemption, he (the defendant) thereby forfeits all claims or right to compensation for improvements, and complainant is entitled to file his bill to "enforce his [statutory] right of redemption under Code 1923, §§ 10144, 10147, without a tender, by simply offering to pay purchaser's debt * * * and all lawful charges." Gay v. Taylor, 214 Ala. 659, 108 So. 853; Johnson v. Williams, supra; Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Wittmeier et al. v. Cranford, 199 Ala. 1, 73 So. 981. That is, when the written statement of charges by the mortgagee-purchaser, or his vendee, includes exaggerated or illegal demands, or is so questionable that the redemptioner in good faith cannot reasonably ascertain the amount due, no tender need be made. Dorrough v. Barnett; Johnson v. Williams; Snow v. Montesano Land Co. et al.; Dewberry et al. v. Bank of Standing Rock et al., supra.

If the right of this complainant seeking redemption rested on or under the statute (if the equity of redemption was foreclosed), the response made by the mortgagee-purchaser to her written demand was insufficient to compel a tender from her as a condition precedent to the maintenance of her bill, or to show facts in excuse of her failure to make tender. The bill was timely, and properly filed, when considered from this phase of the case.

We have indicated the well-recognized distinction between bills to redeem under the statute and under the unforeclosed equity of redemption, and the provisions of our statutes pertaining to redemption under the statute (Federal Land Bank of New Orleans v. Ozark City Bank, 225 Ala. 52, 142 So. 405; Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463). It follows from this distinction, that the failure to deliver possession on demand of the purchaser only affects the right of redemption under the statute.

At this point we advert to the fact that the several parties bidding at the sale were agents or officers of the bank. This, with the other facts now to be considered, amounted to no more than a purchase by the mortgagee at foreclosure sale. Did this, and the other facts to be considered, as the failure of that purchaser to make actual payment of the purchase price at which he bid in the several tracts of farm land in solido, and the immediate reconveyance to the mortgagee by Mr. Campbell and wife on considerations recited, stamp the sale and purchase as being by the mortgagee-bank?

The fact, as urged in argument, that the several tracts of land were covered by a first mortgage lien to the Phœnix Mutual Life Insurance Company does not change the law and duty of such second mortgagee to this mortgagor in respect to the requirements of a due foreclosure of equity of redemption. The published notice given advised that the mortgagor's right to a separate sale of the several tracts to be made to encourage bidding, was ignored; that "said lands will be sold as a whole"; and that only "the interest of the mortgagor in the Griggs house and lot, and in the house and lot where mortgagor's mother resided, will be sold separately and separate from the lands." This court does not have to take judicial knowledge of the identity of the land and its separate tracts; the description employed advised that the lands sold were in separate tracts, and the original map exhibited and before us shows such material fact. Ewing v. Bay Minette Land Co. et al., 232 Ala. 22, 166 So. 409.

The advertisement given of the sale, and the announcement made pursuant thereto at the sale—presupposing the reading of the notice—informed those desiring to bid that the amount due on the first mortgage was more than the evidence before us shows was due thereon. This tended to reasonably affect and discourage prospective bidders or purchasers; such, likewise, was the effect of exposing for sale in

solido the several widely separated tracts of ·farm land to be and which were sold. If the purchase of the 1,160 acres of land en masse, at the price indicated, materially prejudiced the rights of the complainant to the extent that ·her equity of redemption was not foreclosed, such sale was subject to challenge by a· bill in equity.

■ The fact that the mortgagee bid the amount of its debt or claim for the farm lands and did not sell the lots in the city is to be considered in deciding the question of an oppressive foreclosure. De Moville, pro ami., &c., v. Merchants & Farmers Bank of Greene County et al., supra.

■ We are of the opinion and hold that this case comes within the principles stated in Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105; De Moville, pro ami., &c., v. Merchants & Farmers Bank of Greene County et al., supra, where sales in solido and less than value held oppressive.

The instant case is the only case we find in this jurisdiction where the advertisement given and the announcement made at the sale specified that the mortgagor's right of sale of the several separate tracts would be disregarded. Ewing v. Bay Minette Land Co. et al., 232 Ala. 22, 166 So. 409; Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am.St.Rep. 48; Ballenger et al. v. Price, 219 Ala. 412, 122 So. 628. In the DeMoville Case, supra, the several tracts of land were exposed for sale, all bids rejected, then sold en masse for a greater price—about $4,000 more.

The case of Fountain et al. v. Pateman, 189 Ala. 153, 66 So. 75, decided before the lis pendens statute, held that a purchaser of land in good faith who pays an adequate consideration therefor and acquires the legal title will be protected against prior equities of which he had no knowledge or notice. And in Cornelius et al. v. Bishop et al., 205 Ala. 503, 88 So. 592, it was held that a bid and purchase by the mortgagee which the mortgage does not authorize places the transferee of the mortgagee in the position of a mortgagee in possession of the real property so acquired.

■ Thus we come to consider the lis pendens statute as touching the · facts of this case. Section 6877, Code 1923. Faulk v. McDuffie, 215 Ala. 584, 112 So. 229, wherein a purchaser at mortgage sale who

sold land while a redemption suit was pending held not protected by lis pendens record provided by Code 1923, § 6878; its purpose being notice to bona fide purchasers from purchaser at foreclosure sale. Macke v. Scaccia, 222 Ala. 359, 132 So. 880. The manifest. purpose of the statute was to provide a means whereby one desiring to purchase land may ascertain if there is any pending suit which affects the title by examining the lis pendens record; that is, substitution of constructive notice rather than the rule of the common law as to pending suits. Reeder v. Cox, 218 Ala. 182, 118 So. 338; Federal Land Bank of New Orleans v. Ozark City Bank, 225 Ala. 52, 142 So. 405; First Avenue Coal & Lumber Co. v. Rimer et al., 222 Ala. 545, 133 So. 589.

■ What, then, of actual knowledge, where there was no compliance with the lis pendens statute, where the purchase was consummated by Mr. Vaughan from the bank, and where the several subsequent payments on the purchase price were made per the contract? If, therefore, there was actual notice, it is immaterial whether the statutory notice was or was not given. This subject was fully considered in Wittmeir v. Leonard et al., 219 Ala. 314, 122 So. 330; Leslie v. Click et al., 221 Ala. 163, 128 So. 170; Dewyer v. Dover et al., 222 Ala. 543, 133 So. 581; Planters' Warehouse & Commission Co. v. Barnes et al., 229 Ala. 572, 159 So. 63; Lewis v. Owen et al., 231 Ala. 480, 165 So. 229.

The statute answers this, as follows:

"If a person beginning any suit affecting, or if any officer, levying any process upon real estate, shall fail to have the required notice entered in the lis pendens record, such suit or levy shall not affect the rights of a bona fide purchaser, mortgagee, or other lienee, of such real estate unless they have actual notice of the suit or levy." Section 6881, Code 1923, Acts 1915, p. 122, § 5.

■ If Mr. Vaughan had actual knowledge of the fact of pendency of complainant's bill to redeem, how was his vendee, A. C. Bulls, affected by Mr. Vaughan's knowledge of that fact, in the absence of statutory compliance and the absence of actual knowledge by Bulls? We must answer that Mr. Vaughan's knowledge could not bind his subpurchaser Bulls without knowledge by the latter. This is the rea-

sonable effect (on a bona fide purchaser for value) of the statute and the law of binding notice or knowledge as affecting the rights of such a purchaser.

The record shows that on September 19, 1930, Mr. Vaughan purchased 840 acres of land for $8,000, paying part in cash and stipulating for deferred payments. His contract as to this is: "$3,000.00 in cash, or its equivalent, on the delivery of this contract of sale and purchase; the balance of $5,000.00 being payable as follows: $500.00 a year on to-wit, the 15th day of November 1931, 1932, 1933, and 1934, with interest on the total outstanding unpaid balance figured at the rate of 6% per annum; $3000.00 with interest in the sum of $180.00 payable on said 15th day of November 1935." It is further shown that on the day after his purchase from the bank Mr. Vaughan entered into a contract with one Bulls for the sale of 240 acres of these lands for $6,000, part cash and stipulated deferred payments as follows:

"The party of the second part agrees and promises to pay to the parties of the first part the said sum of six thousand dollars as follows: $600.00 cash, the payment of which is hereby acknowledged, and the balance in the sum of fifty four hundred dollars ($5,400.00) payable by promissory note in the said amount executed by the party of the second part, bearing this date, and bearing interest from date at the rate of 6% per annum. It is understood and agreed, however, that said note is to be paid as follows:

$675.00 September 20th, 1931, and interest.... $324.00
$675.00 September 20th, 1932, and interest.... 283.50
$675.00 September 20th, 1933, and interest.... 243.00
$675.00 September 20th, 1934, and interest.... 202.50
$675.00 September 20th, 1935, and interest.... 162.00
$675.00 September 20th, 1936, and interest.... 131.50
$675.00 September 20th, 1937, and interest.... 81.50
$675.00 September 20th, 1938, and interest.... 40.50."

It is further shown that on February 8, 1934, complainant filed her lis pendens notice in the probate office and that Mr. Vaughan was made a party defendant on February 28, 1934. This gave such purchaser and subpurchaser constructive notice from the date of the filing of the suit for redemption.

How were the contracts of purchase, if made without notice and without warranty deed, affected as to cash payments made and the deferred payments to be made? In Van Hauvel v. Long, 200 Ala. 27, 30, 75 So. 339, it was held that "where a mortgagee holding a deed absolute on its face sold portions of the property to innocent purchasers, who received their deeds and were placed in possession, paying one-quarter of the purchase money, the balance being secured by a vendor's lien, and who made valuable improvements on the property, such purchasers are entitled to protection in a court of equity notwithstanding they had not at the time of trial paid the full purchase price." The court said:

"It has been held that in cases of this character the mortgagee is responsible to the mortgagor for the value of the land conveyed, and not merely for the proceeds of the sale, and that the mortgagor may claim the proceeds of the sale, or the value of the land at his election. 1 Jones on Mortgages, vol. 1, § 341; Enos v. Sutherland, 11 Mich. 538; Wilson v. Drumrite, 24 Mo. 304; Bissell v. Bozman, 17 N.C. 229; Boothe v. Fiest, 80 Tex. 141, 15 S. W. 799.

"We approve the holding of these authorities and think that the chancellor was correct in so directing upon the accounting had."

See, also, Freeman et al. v. Pullen, Surviving Partner, 130 Ala. 653, 31 So. 451; Harris v. Wright, 225 Ala. 627, 144 So. 834; Faulk v. McDuffie, 215 Ala. 584, 112 So. 229.

The decision in Staples et al. v. Barrett et al., 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084, opinion by Mr. Justice Somerville, was to the effect, that if a mortgagee conveys land to which he has an apparent title so as to defeat redemption of the land, the mortgagor may recover, less the amount of the debt, either (1) the value of the land at the time of the sale, or (2) the proceeds of the sale, and (3) this is at the election of the mortgagor.

What, then, of the statute, section 6881 of the Code, as affecting the material circumstances of this case? Under the statute, as we have heretofore indicated, the pendency of a suit does not give constructive notice of it to a bona fide purchaser-mortgagee or "other lienee." As used in the statute, the word "lienee" means the person having or owning a lien; one who has a right of lien upon property of another. Black's Law Dictionary, page 720. If or when Mr. Vaughan and A. C. Bulls purchased a part of the mortgagor's land by bona fide contracts, paid a part of

the purchase price therefor, and had no actual knowledge or notice of complainant's rights or suit, they stood as lienors who were protected by the statute. Assuming that they had no knowledge or notice of the filing of the suit, the filing of the lis pendens, after they became lienors, within the statute, did not affect the rights or titles which such respondents acquired by purchase of the lands (without notice) from the bank. The filing thereafter of the lis pendens, alone, did not give them notice as to the subsequent payments made without knowledge or notice of complainant's rights. Such subpurchasers were not required to consult the lis pendens or other records at the time of making such payments under the contracts. That is, if they were bona fide purchasers of portions of the mortgagor's land without knowledge or notice, before lis pendens filed, they cannot be deprived of their rights of purchase and the right to complete the payments of the purchase prices to one entitled in equity thereto and hold the land with its advantages and improvements. It follows from this that the complainant's right to redeem would be limited, as we have indicated.

At her option she may claim against the mortgagee (1) the lands unsold and the right of credit on her debt of moneys paid by Vaughan to the bank; (2) a money claim against the subpurchasers for the difference between the mortgage debt and the value of the land at the time of the sale; (3) with the right of enforcement of her claim amounting to a lien on the unpaid installments of purchase money arising out of said contracts of purchase.

If, however, the subpurchasers bought the lands with actual knowledge of the pendency of the suit, or of complainant's rights, complainant, at her election, may redeem the actual land from such subpurchasers, but must pay her debt to the bank to do this. In such event, the subpurchasers will be duly decreed a lien on what she does pay, to reimburse them for what they have paid on such purchases to the mortgagee bank. This is, of necessity, dependent on whether or not the subpurchasers had no actual notice when the purchases were made. And if their purchases were without notice, the only right complainant has against such subpurchasers and their lands is that she may impress on the deferred payments a lien for what might be the difference between the debt and the value of such specific tracts of land. This is merely saying that the equities of each case must stand upon its particular facts. The complainant is therefore entitled to redemption of the land as it was valued at foreclosure, tolled by her debt and moneys to be credited thereon. Pollak et al. v. Millsap et al., 219 Ala. 273, 122 So. 16, 65 A.L.R. 110; Marsh et al. v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323; Henry v. Phillips, 163 Cal. 135, 124 P. 837, 839, Ann.Cas.1914A, 39; McAllister v. Clark, 91 Okl. 205, 217 P. 178.

We have carefully examined the evidence, and hold that under the circumstances of the sale, the price bid thereat, and the value of these lands as of that time, the attempted foreclosure in solido was not efficacious as a foreclosure of the equity of redemption; and we further hold that an accounting should be had between the mortgagor and the mortgagee bank.

Mr. Vaughan and A. C. Bulls had no warranty deeds to the property sold by the mortgagee, and notice is not shown to have been given them at the date of Vaughan's purchase; but actual notice of complainant's equity after their purchase and before any subsequently accruing installment payments were made, is shown. As to the subpurchasers without notice, the rights of complainant and the justice of her case may be conserved by liens on the respective tracts of land for the subsequent accruing installments of purchase money. Such subpurchasers did not have the right of acceleration or discount payments to the mortgagee, if such were made to the prejudice of the complainant.

It may be well to observe that the amount of cash payments made to the mortgagee bank by Mr. Vaughan and A. C. Bulls should be credited to the mortgagor's debt on the accounting; that the bank's debt must be paid, and to that end the bank has a lien on the respective properties and proceeds of the sale thereof.

The decree of the circuit court is reversed, and one here rendered setting aside the foreclosure sale and allowing complainant to exercise her equitable right of redemption as indicated, and remanding the cause for an accounting. The appellees are taxed with the costs.

Reversed, rendered and remanded.

ANDERSON, C. J., and BROWN, and KNIGHT, JJ., concur.